## Calvin Miller *v.* John H. Keith.

When M. withdrew his petition for administration from the probate court, he abandoned every thing sought to be accomplished by it, and ceased to be a party to the record.

None but the creditors, legatees, or distributees of the estate, could make themselves parties to the petition filed in the probate court, for letters of administration, and there is nothing in this case which shows that M., the applicant, was either of these.

On appeal from the probate court of Panola county.

The plaintiff in error, Miller, and the defendant in error, Keith, both applied to the probate court of Panola county, for letters of administration with the will annexed, on the estate of James C. Watson, deceased, who, at the time of his death, was a citizen of Georgia, and died in that State, in the year 1843. These applications were made to the probate court, in 1849, and Keith's application was accompanied with a certified copy of the will of said Watson, duly authenticated and admitted to probate. Miller withdrew his application for letters of administration, and Keith was appointed by the court.

The executors named in the will, had not renounced the executorship in this State, unless the omission to take out letters here, may be construed into such renunciation, by failing to do so for six years from the decease of the testator

Watson.    Upon the appointment of Keith as administrator, Miller appealed to this court.

*Calvin Miller, propriâ personâ.*

Assuming all the allegations of the petition of Keith to be true and to have been fully established, it is respectfully submitted that they do not present such a case as warrants the jurisdiction of the court.    The petition does not state any one of those conditions as existing; some one, at least, of which is absolutely necessary to confer jurisdiction upon the court.    It does not state that the deceased had, at the time of his death, a known place of residence in Panola county, or a mansion-house, or that he died there, or that the "greater part of his estate" was in said county at the time of his death.    *Wright* v. *Beck*, 10 S. & M. 277.    True, the petition alleges that he "died seized and possessed of a personal and real estate in the State of Mississippi, a portion of which lies in the county of Panola aforesaid;" but it is submitted that it is not enough that a portion only of the estate should have been in Panola county, in order to give that court jurisdiction of the case, but that it should have appeared by affirmative allegation, sustained by satisfactory proof, that the "greater part of the estate" was in said county.    Stat. of Miss. 388, § 12, and 396, § 35.

That the deceased did not die in Panola county, we think sufficiently appears from the face of the records.    The petition itself states that he was a citizen of Muscogee county, State of Georgia; that that was the place of his domicil, and his will was there made, as appears from the title of it.    It commences, "The State of Georgia, Muscogee county," and there probated and admitted to record.    It was made the 13th of April, 1843, and probated the 15th of the following month.    The probate of the will before the court in Georgia, shows it was made in his last illness, and the decree of the probate court in Panola admitting it to record, states the fact, that the deceased "was late a resident of the State of Georgia."

If, however, we are mistaken in the foregoing views which we have taken of this case, it is respectfully submitted, that the court below erred in refusing to hear any testimony to disprove

Miller *v.* Keith.

the allegations of the petition, and to show that none of the conditions existed that was absolutely necessary to give jurisdiction to the court. Whether the court had jurisdiction or not was matter *in pais,* to be established by proof. A stranger as *amicus curiæ,* may suggest to the court that it has no jurisdiction over a matter. 12 S. & M. 153.

*Watson* and *Craft,* for appellee.

The court certainly had a discretion as between the applicants, Keith and Miller, and this court will not presume that this discretion was not properly exercised. 6 S. & M. 209; 7 Ib. 197.

The plaintiff in error is not in a position to be heard in this court. He withdrew his application in the court below, and consequently was no party to the judgment of which he now complains.

" Thereupon said petitioner, Miller, asked leave of the court to withdraw his said petition for letters of administration on the estate of said decedent Watson. Whereupon the court granted leave of said withdrawal." 3 S. & M. 100; 13 Ib. 97.

An *amicus curiæ* cannot appeal. 2 Call, 284.

Mr. Justice FISHER delivered the opinion of the court.

This case is submitted to the court on a motion to dismiss the appeal, on the ground that it is not shown by the record, that the appellant was interested either as a creditor or legatee in the estate, upon which the court below granted letters of administration to Keith.

Upon a close inspection of the record it will be seen, that the appellant was not even a party to the proceedings in the court below. He withdrew his petition, praying a grant of letters of administration to him on Watson's estate. It was by this petition that he made his appearance in court; and when he withdrew it, we must suppose that he abandoned every thing sought to be accomplished thereby, and from that moment ceased to be a party to the record.

The next question to be considered is, whether he was in law a party defendant to the petition presented by Keith for

the same purpose.  All who were creditors, legatees, or dis-
tributees of the estate, could certainly make themselves parties
to this petition.  As none others would be interested in the
estate, they could not be regarded as parties, for the plain rea-
son, that they could not be benefited or injured by the action
of the court.

There is nothing in the record which can be treated as evi-
dence, showing that the appellant was either creditor, legatee,
or distributee in the estate; and while we are of opinion that
the court erred in not following the suggestions thrown out by
the appellant, as *amicus curiæ*, yet this error can only be cor-
rected upon the application of a party who can profit by its
correction; and not upon the application of a stranger, or one
whose advice has not been properly heeded.

Motion sustained, and appeal dismissed.