## ·Ex Parte Redmond.

[82 South. 513, In Banc.  No. 20692.]

1. **Attorney and Client.** *Attorneys as officers of court·*
   The courts have universally held that an attorney is an officer of court.

2. **Attorney and Client.** *Disbarment. Reinstatement.*
   A court which has power to disbar an attorney has power to reinstate him.

3. **Attorney.** *Disbursement and reinstatement. Powers of board of law examiners.*
   The state board of law examiners, created by Laws 1916, chapter 107, ·has no jurisdiction as to reinstatement of a disbarred attorney.

4. **Attorneys.** *Disbursement. Reinstatement of disbarred attorney. Power of court. Statutes.*
   A Court may act on the merits of a petition by a disbarred attorney for reinstatement, and may restore such attorney to his privileges, notwithstanding Code 1906, section 223 (Hemingway's Code, section 200), provides that a disbarred attorney _shall never afterwards be permitted to act as attorney or. counsellor in any court of the state.

**Appeal** from the circuit court of Hinds county.
Hon. W. H. Potter, Judge.

Proceedings by S. D. Redmond for reinstatement as an attorney at law after a judgment of disbarment. A demurrer by the county attorney to the petition was sustained and petitioner appeals.

The facts are fully stated in the opinion of the court.

*G. G. Lyell,* for appellant.

The only question in this case raised in the lower court, or here, is whether a member of the bar of the state of Mississippi who has been disbarred from the practice can ever be reinstated.

The appellant· contends that the order of disbarment is not final and conclusive for all time to come, but that upon a proper showing, based upon a proper petition for reinstatement, the statute·of this state does not preclude reinstatment. The facts are undisputed. The transcript shows the petition in proper form by S. D. Redmond to be reinstated as a member of the· bar of Mississippi. The application is to the court that disbarred him. The law requires this.

There was exhibited with the petition a certified copy of the order of the circuit court of the· first district of Hinds county, Mississippi, in ·June, 1915, disbarring him. A demurrer was interposed to the petition·of appellant for reinstatement, which demurrer was predicated upon the contention that an attorney of this state, once disbarred, is forever disbarred and cannot ever thereafter be reinstated. The demurrer was sustained and the petition dismissed.

The pertinent code section, the construction· of which is involved in this case, is section 223 of the Code of 1906, section 200 of Hemingway's Code, and reads as follows: ''Penalty for Misconduct—If any attorney or counsellor at law is in default of record, or otherwise guilty of any deceit, malpractice, or misbehavior, or shall willfully violate his duties, .he shall be stricken from the roll and·disbarred, and· his license revoked by any court in which he may practice; and such person shall never afterward be permitted to act as an attorney or counsellor in any court ·in this state." The section above quoted does not preclude reinstatement. Practically all the law seems to be.. found in 6 Corpus Juris, under "Attorney and Client," as to the operation and effect of disbarment: 6 C. J., page 614, sec. 95. As to reinstatement, see Ib. 615, sec. 97. As to procedure, see, Ib., sec. 98. No question is raised in the instant case as ·to the proper procedure, ·or whether the petition is in proper form, for admittedly, it is.

By section 95, above cited, as to the operation and effect of disbarment, the meaning of certain clauses in our statute is made obvious. One might think that a disbarment by one court would operate to disbar an attorney from practicing in any other court, but such is not uniformly held, as is demonstrated by the authorities cited under section 95, *supra*. It there appears that disbarment in a state court does not, *ipso facto*, deprive the attorney of the right to practice in the federal courts. See also Weeks on Attorneys, sec. 82, page 154, 2 R. C. L., p. 1113, sec. 205.

Our statute provides that for malpractice or misbehavior, etc., the attorney "shall be stricken from the roll and disbarred and his license revokerd in any court in which he may practice; and such person shall never afterward be permitted to act as an attorney or counsellor in any court of this state." The last clause of this statute simply means that so long as the order of disbarment stands, the disbarred attorney cannot, or may not, practice in any Mississippi court. The statute merely states the general rule upon the subject. Just as statutes merely state the common law without it being intended that any different construction shall be given to the particular statute than the common law. See 1 Coke's Inst. 213, so. holding upon earliest English Statute, Westminister, quoted in 6 Corpus. Juris., page 581, bottom of first column of notes (b) (3 Ed.), 1, ch. 29.

The provision that the license be revoked, is simply in keeping with the rest of the statute, and with our privilege tax laws, and with section 230 of the Code of 1906, Section 207, Hemingway's Code, making it unlawful to practice law without a license. The language of the statute that "such person shall never afterwards be permitted to act as an attorney or counsellor in any court," simply means that the courts are closed

to him as an attorney until such time as he may be reinstated; in other words, so long as the fomer order of disbarment remains in force.

See the very recent case decided by the supreme court of Alabama, upholding the contention of the appellant. Ex parte Peters, (1915 Ala.), 70 So. 648. For the disbarment case see *Peters v. State,* 69 So. 576.

I submit that it is clear that the court erred in sustaining the demurrer and that the judgment should be reversed and the cause remanded for further proceedings upon the petition of appellant.

*Earl N. Floyd,* for appellee.

This case comes to this court on an appeal from a judgment sustaining the demurrer of the state to the petition of the appellant herein. The single question presented by the case, is "whether an attorney once disbarred from practicing in the courts of this state can be re-instated by the same or any other court in the state."

Section 223 of the Code of 1906, provides as follows: "Penalty for misconduct.—If any attorney or counsellor at law be in default of record, or otherwise guilty of any deceit, malpractice or misbehavior, or shall willfully violate his duties, he shall be stricken from the roll and disbarred and his license revoked by any court in which he may practice; and such person shall never afterward be permitted to act as an attorney or counsellor in any court in this state."

From the evolution of this statute, we find an expressed provision at one time for suspension. Looking again to section 23, page 283, Code of 1842, we find another provision for the reinstatement of an attorney by the high court of appeals upon satisfactory evidence of his reformation. Subsequent to the Code of 1842

provision for any reinstatement or suspension has been
omitted, and the law has appeared in the language of
section 223, Code of 1906, in the Codes of 1871, 1880
and 1892. Therefore, the only question for this court to
decide is the meaning of section 223.

It is the contention of the state that the provision
that "such person shall never afterwards be permitted
to act as an attorney or counsellor in any court in this
state" consitutes an absolute prohibition against his
reinstatement. This view is based on the omission in
all codes subsequent to 1842 of any provision for a
reinstatement or supension. It may be conceded that
at common law a court disbarring an attorney has the
implied right to reinstate him upon proper showing,
but the common law has been changed in this state,
first, by changing the method of reinstatement in re-
quiring a petition to the high court of errors and ap-
peals and afterwards by making disbarment absolute.
What the legislative intent in so providing was, we are
not called upon to answer. The law and constitution of
this state forbids anyone guilty of certain crimes from
exercising any franchise right, and also forbids a per-
son impeached for malfeasance or misfeasance in office
from further holding office in this state.

In our view, this statute was intended to work a light
prohibition against anyone found guilty of conduct
unbecoming a person who is an officer of the court. If
the legislature had intended that he could be reinstated
upon a showing of reformation, it seems more than pro-
bable that it would have so provided, but having omitted
to so provide, it seems to us to be the better view that
a court is without authority to reinstate, and that the
legislature of the state alone can change the statutes
of a disbarred attorney.

The learned counsel for the appellant has elaborately
argued the law on both sides of the case, and has quoted

the law and practice pertaining to the disbarment of at-
torneys from ancient days to the present, and shows that
in recent years other states have readmitted attorneys
after once disbaring them.  As stated above, this may
be done under the common law when there is no pro-
vision whatsoever relative to the jurisdiction of the
court in the premises, or it may be done when the statute
expressly so provides.  But I submit that the statute
in this state has expressly provided the contrary, and
the badge of dishonor attaching to a disbarred attorney
can only be removed by the legislature of the state.

COOK, P. J., delivered the opinion of the court.

The proceedings in this case originated in the first
district of Hinds county.  S. D. Redmond, appellant,
filed a petition in the circuit court reciting therein that
by judgment of said court rendered in June, 1915, upon
proper proceedings, he was disbarred and forbidden to
further practice law in any of the courts of this state.
The petition alleged that since the order of the court
petitioner's conduct had been above reproach.  The pe-
tition prayed that the court inquire into the character,
conduct, and behavior of petitioner since his disbar-
ment, and for a reinstatement as a practitioner of law.
The county attorney of Hinds county demurred to
this petition, assigning these grounds of error, viz.: (1)
The court is without jurisdiction in the premises; (2)
the court cannot grant the relief prayed; (3) the peti-
tioner is not entitled to the relief prayed.  The demur-
rer was sustained generally, and petitioner was granted
the right to appeal.
The attorney general and the county attorney in
their brief thus state the question for the court's deci-
sion, viz.: "The single question presented by the case
it whether an attorney once disbarred from practicing

in the courts of this state can be reinstated by the same or any other court in this state."

Section 223, Code of 1906 (section 200, Hemingway's Code) is the law of this state touching the disbarment of attorneys at law and is as follows:

"If any attorney or counselor at law be in default of record, or otherwise guilty of any deceit, malpractice or misbehavior, or shall willfully violate his duties, he shall be stricken from the roll and disbarred, and his license revoked by any court in which he may practice; and such person shall never afterward be permitted to act as an attorney or counselor in any court in this state."

Disregarding the verbiage of the statute it gives to any court in which the attorney practices the power to disbar the attorney, and to revoke his license in any court in which he may practice, and the effect of the disbarment is to take from the disbarred attorney the privilege of practicing in any court of this state. The exact language of the statute is "and such person shall never afterward be permitted to act as an attorney or counselor in any court in this state."

We have no statute providing for the reinstatement of a disbarred attorney. The counsel for the state contend that section 223 is exclusive, and in terms provides that an attorney at law once disbarred in for ever disbarred.

It is undoubtelly true that as long as the judgment of disbarment stands, the disbarred attorney cannot practice in any of the courts. It is true also that once disbarred, always disbarred? Does the power reside in any tribunal or authority to suspend the sentence and restore the privileges of the attorney?

The courts have universally held that an attorney is an officr of the court. 1 Thornton on Attorney at Law, section 13; 6 Corpus Juris, p. 568.

It is generally held· that a court which has power to disbar an attorney has power to reinstate him. 2. Thornton on Attorneys, section 902; 6 Corpus Juris, p. 615, section 97. ·

In the light of the authorities treating disbarments and reinstatements of disbarred attorneys, we will consider section 223, Code of 1906 (section 200, Hemingway's Code). This statute has to do with disbarment, and does not relate to reinstatement of disbarred attorneys. It provides that disbarment proceedings may be begun in any court of record in which ·the attorney may practice, and it also provides that when any such court disbars the attorney he will not be permitted to practice in any court of the state. The last clause of the section, if it is to be construed literally, would seem ,to close the door of hope to disbarred attorney. We think, however, that this clause must mean that so long as the judgment remains unchanged the attorney will not be permitted to appear in the courts of the state. However, as we have already noted, the courts have generally held that the court of original jurisdiction may reopen the case and restore to the lawyer his franchise or privilege, if in the opinion of the court the interests of the court and the public will be best served by a reinstatement.

This is a judicial question. The executive has no power to commute or pardon, nor does the ·legislature possess the power to set aside the court's order. If the court can give no relief, however ·meritorious may be the application, we have a most. anomalous situation. It has been the proud boast of the common· law that whenever there is a wrong ·there is always a remedy.

It has been suggested Laws 1916, chapter 107, creating a state board of law examiners, may have some effect upon the issue here. A careful reading of this law will, we think, demonstrate that the board there

provided has no jurisdiction of the subject-matter of this appeal.

We have become satisfied that the learned circuit judge was in error when he ruled that he had no power to consider the merits of this petition. If a mistake was made in the first instance, or if the circuit court should be satisfied that appellant's franchise should be restored, after hearing the evidence, we think he is empowered to act and restore to appellant his privileges as an attorney at law.

The demurrer is overruled, and the cause is remanded for further proceedings.

*Reversed and remanded.*

Ethridge, J. (dissenting).

I am unable to agree with my brethern that the circuit court has jurisdiction to resore a disbarred attorney who is disbarred under the provisions of section 223, Code of 1906 (section 200, Hemingway's Code). This section reads as follows:

"223. Penalty for Misconduct. If any attorney or counselor at law be in default of record, or otherwise guilty of any deceit, malpractice or misbehavior, or shall willfully violate his duties, he shall be stricken from the roll and disbarred, and his license revoked by any court in which he may practice; and such person shall never afterward be permitted to act as an attorney or counselor in any court in this state."

It will be noted in this section that the attorney, for a violation of his duties as an attorney, shall be stricken from the roll and disbarred and his license revoked in any court in which he may practice. So when an attorney is disbarred his license is annulled and ceases to exist. He stands just as though he never had a license, and if he may be restored at all he would have to begin like any other person seeking a law license. The attorney in question was disbarred in the year

1915.  At that time the law required certain qualifications to practice law, including law learning on certain specific subjects named in section 209, Code of 1906. Since that time, and before the application to reinstate, the legislature raised the standard of qualifications on the subjects upon which an examination must be taken, and among the subjects which were not required to be taken before is an examination on federal and state practice, of federal statutes relating to judiciary and bankruptcy, on professional ethics, and on such other subjects as the board of examiners may deem proper.  This act appears as chapter 107, Laws of 1916 (section 180, 181, 182, 183, 184, 185, 186, 187, and 188, Hemingway's Code), and changes the subjects in material ways from the Code section under which the applicant is licensed, and, among other things, requires the applicant to have at least a high school education or its equivalent.  A board of law examiners is created, having sole power of passing upon the qualifications of the applicant passing the examination.

The circuit court has no jurisdiction whatever to license attorneys to practice law, and has not had such jurisdiction for many years. , Prior to the enactment of chapter 107, Laws of 1916, the chancery court had exclusive jurisdiction to examine applicants to practice law.  The jurisdiction of the circuit court as · enumerated in section 156 of the Constitution is stated as follows:

The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, .and such appellate jurisdiction as shall be prescribed by law.''

Under this . section matters civil means matters of common-law nature.  *Bell* v. *West Point,* 51 Miss. 262.

The statutory jurisdiction of the circuit court is contained in sections 702 and 703, Code of 1906, (sections

481 and 482, Hemingway's Code), which reads as follows:

"702. Jurisdiction; General Enumeration of Subjects.—The circuit court shall have original jurisdiction in all actions when the principal of the amount in controversy exceeds two hundred dollars, and of all other actions and causes, matters and things arising under the Constitution and* laws of this state which are not exclusively cognizable in some other court, and such appellate jurisdiction as prescribed by law; and such court shall have power to hear and determine all prosecutions in the name of the state for treason, felonies, crimes, and misdemeanors, except such as may be exclusively cognizable before some other court; and said court shall have all the powers. belonging to a court of oyer and terminer and general jail delivery, and may do and perform all other acts properly pertaining to a circuit court of law.

"703. Jurisdiction of Cases Transferred or Remanded to It.—The circuit court shall have jurisdiction of all cases transferred to it by the chancery court or remanded to it by the supreme court."

It will be seen from a reading of these sections that no jurisdiction is given, either by the Constitution or by the statutes, to the circuit court over the subject-matter here involved. In text-books it is stated that the jurisdiction to restore an attorney to the practice of law results from the power to admit attorneys to practice. There being no power to admit in the circuit court, and the statute giving jurisdiction to disbar without embracing the power to admit or restore the attorney to practice, necessarily excludes such power.

Prior to 1857 there was a statutory method of restoring attorneys to the practice of law, but this law was repealed in the enactment of the Code of 1857, since when no method is provided by any statute on the subject. It seems to me that it is clear from the pro-

visions of our statutes above quoted providing that the license shall be revoked, and that such person shall never afterward be permitted to act as an attorney or counselor at law in any court of this state, declares in unmistakable terms the public policy of permanently excluding from the profession of law those who have been found unworthy. The lawyer is necessarily a trustee with large discretion, and by reason of his standing in the profession capable of inspiring confidence of those unlearned in the science of law, and it was the policy of the legislature to deny to those who had been unfaithful to the great trust imposed in them further power of deception and wrongdoing. Of course the legislature could enact a statute to restore, and that statute might be either general or special, according to the wisdom and discretion of the legislature of the state. It was no doubt the purpose of the legislature in enacting the above section to force a person desiring to be restored to the practice of law after being disbarred to apply to the legislature for an enabling act either general or special. The legislature has full control over the subject because there is no constitutional limitation whatever upon the powers of the legislature to enact laws upon this subject, and it is elementary that the legislature has power to enact laws upon all subjects unless the act is denied, limited, or restricted in the state or federal Conditions.

There are three statutes in the chapter on attorneys and counselors at law bearing on disbarment and qualifications of attorneys. Section 218, Code of 1906 (section 192, Hemingway's Code) provides that any person convicted of a felony, manslaughter excepted, shall be incapable of obtaining a license to practice law, or, if already licensed, the court in which he was convicted shall enter an order disbarring such convict.

Section 225, Code of 1906 (section 202, Heingway's Code) provides for proceedings against an attorney

who has collected money and failed or refused to pay it when demanded; and this section provides that in such case the court may strike his name from the roll and revoke his license, or may suspend his right to practice until the money shall be paid over. It will be noted there is no such provision of suspending the license in section 223, Code of 1906 (section 200, Hemingway's Code) for the offenses therein named.

Section 232 Code of 1906 (section 209, Hemingway's Code) makes it unlawful for an attorney at law to encourage litigation by any promise or offer to give a valuable consideration as an inducement to have business placed in his hands, etc.

Section 232 Code of 1906 (Section 209, Hemingway's Code) provides for any violation of the above section the attorney shall be removed and disbarred from acting as an attorney at law. This section does not provide that the license is revoked and that such person shall never thereafter practice in any court of this state. Reading this last-named section in connection with the sections set out above and in the majority opinion, it appears conclusive to my mind that the legislature intended to establish a policy under section 223, Code of 1906 (section 200, Hemingway's Code) forever foreclosing to an attorney guilty of the conduct therein reprobated the privilege of practicing law.

Another reason for disagreeing with the majority is that there is no statute anywhere reserving to the circuit court a control over its judgment after the adjournment of the term at which the judgment is entered. The rule is well recognized that no court has control over its judgment after the ending of the term at which judgments were entered, unless such power be given in some statute.

It is conceded in the brief for the appellant that the judgment of the circuit court disbarring Redmond is

*res adjudicata,* conclusively establishing his unworthiness and misconduct. The proceeding was a judicial proceeding and the judgment stands in the precise category of any other judicial judgment, and can only be set aside and impeached for fraud in its procurement, and there is no pretense that there is either fraud, misunderstanding, concealed evidence, or any other fact or circumstances disputing the righteousness of the judgment so rendered.

I have no doubt that the legislature in a proper case, on a conclusive showing of good moral character, would pass an enabling law authorizing a person disbarred to take a new examination and be readmitted, and that such would be the wisest course to pursue to meet any of the great hardships and injustices, pictured in the main opinion, that might result from denying the right to be restored.

However, we are not concerned with hardships. We are concerned with enforcing a wholesome public policy plainly declared by statute. Under the majority opinion it will be practically impossible to keep crooks out of the profession, because any man intelligent enough to stand the examination can undergo a temporary reformation and delude for a few weeks the public as to his repentance and reformation.

Smith, C. J., (dissenting),

The judgment of the court below should be affirmed, for the reason that an attorney at law who has been disbarred by a court of this state can be again permitted to practice law in this state only by disregarding section 223, Code of 1906 (1 Hemingway's Code, section 200), which provides that an attorney or counselor at law who has been disbarred "shall never afterward be permitted to act as an attorney or counselor in any court in this state."

The cases relied on to support the power of the courts to reinstate any attorney at law who has been disbarred are not here in point, for none of them deal with a statute like the one here in question.