## JONES *et al. v.* CASHIN.

### (Division A. Dec. 3, 1923.)

#### [98 So. 98.  No. 23784.]

1. APPEAL AND ERROR. *Appeal lies only when authorized by statute.*
   An appeal is not a matter of right, and lies only when authorized by law.

2. APPEAL AND ERROR. *Attorneys appointed in proceedings for reinstatement of attorney not "parties."*

   An order entered by a court before which is pending a proceeding for the reinstatement of an attorney who has been disbarred, appointing several attorneys at law, to act as counselors for the court and to make answer to the petition, does not make the attorneys at law so appointed "parties" to the proceeding, but makes them only *amici curiae.*

3. APPEAL AND ERROR. *Amicus curiae not parties to case within state providing for appeal.*

   An *amicus curiae* is not a party to a proceeding in which he is appointed, and consequently has no right to appeal from a judgment adverse to his contention under section 33, Code of 1906 (Hemingway's Code, section 8), which provides for an appeal in a civil case by any of the parties or their legal representatives.

APPEAL from circuit court of Humphreys county.

HON. S. F. DAVIS, Judge.

Petition by James M. Cashin for reinstatement as an attorney at law. Jesse D. Jones and others were appointed to act as counsellors for the court and to answer the petition, and, from an order reinstating the petitioner, they appeal. On petitioner's motion to dismiss appeal. Motion sustained, appeal dismissed.

*J. M. Cashin, Hugh C. Watson, William Ray Toombs,* and *Ernest Kellner, Jr.,* for appellee.

Brief of appellee on motion to dismiss appeal.

The appellee was disbarred from the practice of law by a judgment of the circuit court of Humphreys county, Miss., rendered at the August Term, 1921, thereof. He was reinstated by a judgment of the same court, rendered on the 14th day of April, 1923. Messrs. T. E. Mortimer, N. W. Sumrall and Jesse D. Jones, attorneys, of Belzoni, Miss., prosecute this appeal from said judgment of reinstatement. The appellee, J. M. Cashin, has moved the courts to dismiss said appeal on the following grounds:

1. Because no appeal is allowed by the statute from an order judgment reinstating or admitting an attorney to practice law.

2. Because the gentlemen named as appellants are not parties to the judgment or order from which they appeal, and the statute only allows or authorizes an appeal in any case to parties to the cause.

3. Because the said appellants are not in any manner aggrieved by the judgment or order from which they appeal.

4. Because neither the personal rights nor the property rights, nor any pecuniary interest of said appellants is in any manner injuriously affected by the judgment or order from which they appeal.

5. Because the order of the judge allowing the gentlemen named to prosecute an appeal from said judgment or order upon giving bond in the sum of one hundred dollars, is not authorized by law, as in contravention of the statute, and cannot confer upon appellees a right of appeal not authorized or allowed by the statute.

The record shows that the appellants are not parties to the application for reinstatement, nor to the judgment or order rendered by the court thereon. An appeal is not a matter of right, and is allowable only in the cases, and on the terms provided by statute.

Section 8 of Hemingway's Code provides that "an appeal may be allowed to the supreme court from any final judgment of the circuit court, in a civil case . . . by any

of the parties, or legal representatives of such parties." If the appellants have any right of appeal in this matter that right is conferred by section 8, Hemingway's Code. No other section of the code confers upon them the right of appeal. They appeared in the matter as *amicus curiae* only. In *Miller* v. *Keith,* 26 Miss. 166, it was held that an appeal cannot be allowed to an *amicus curiae,* but only to a party.

If this is a correct statement of the law, and it would seem from the cases of *Starling & Smith Company* v. *Flash* (Miss. 1894), 16 So. 875, and *Beazley* v. *Prentiss,* 13 S. and M. 97, that it is, then this appeal must be dismissed. In *Johnson* v. *Williams,* 28 Ark. 478, and in *Sjabanaw* v. *C. C. Thompson, etc., Co.,* 80 Wis. 621, 50 N. W. 781, it was held that one who is not a party to a suit will not be permitted, after final judgment, to come in and prosecute an appeal.

Our statute does not confer the right of appeal upon every person aggrieved, but only upon parties to the cause below. It is difficult to conceive of the appellants being aggrieved by the judgment from which they appeal here, in the sense the term is defined above.

*Jesse D. Jones, T. E. Mortimer,* and *N. W. Sumrall,* for appellants.

Brief of appellants on motion to dismiss appeal.

The first ground in support of the motion to dismiss is that "no appeal is allowed by statute from an order or judgment reinstating or admitting an attorney to practice law." Now let it be remembered that the relief asked and obtained was a cancellation and annulment of the order of disbarment affirmed by the supreme court in *Ex Parte Cashin,* 90 So. 850, 128 Miss. 224. Although filed by the circuit clerk as a separate proceeding, it is really but a continuation of the former case, and from the order entered was evidently so treated by the court below. We concede that no right of appeal is allowed to an *amicus*

*curiae,* but with deference we submit that nowhere in the record before this court is the word *amicus curiae* to be found. We differ with opposing counsel in the statement that respondents appeared in the matter as *amicus curiae* only, on the other hand we urge and insist that they appear and resist the action by express order of the court, naming them as respondents for that purpose, and we further contend that by being treated as parties to the suit in the lower court, appellee is now estopped from designating them as *amicus curiae* only.

The case of *Starling* v. *Flash,* 16 So. 875, holds nothing which would cause us to change our view in that case. Starling, the beneficiary in a deed of trust interposes in a court of law in his own name, a claimant's affidavit to property levied upon by Flash as execution creditor. The point was evidently raised in the lower court that he was an improper party to that proceeding for the reason that the trustee in the deed of trust being the holder of the legal title was the only person in whose name such a claim might be interposed. The opinion of the supreme court through Justice Cooper was not inconsistent with that view and the appeal was properly dismissed.

Much of appellee's brief is directed to a discussion of or the right of appeal by an aggrieved person. We submit that this entire discussion is inapplicable for the reason as stated our statute does not confer the right of appeal upon every person aggrieved, but only upon parties to the suit or their legal representatives.

It is conceded further that appellants in this case are not acting as the legal representatives of any party to the suit, but it is submitted, as heretofore urged and insisted, that they are acting in their own behalf as parties so designated by the court in the enforcement of its inherent disciplinary power over its officers.

We do not deem it necessary under our view of the case to note the third and fourth grounds of appellee's motion to dismiss for the reason that as ably argued in his

brief, it make no difference under our statute whether a person is aggrieved, or whether there is a personal right or property right or pecuniary interest in which he is injuriously affected. The statute, Section 8, Hemingway's Code, says that parties or their legal representatives, may appeal from an adverse judgment or order. But, if such right of appeal were extended by our statute to every person aggrieved, we find in the case of *Vernon County Bar Association* v. *McKibbin*, 141 N. W. 283, 153 Wis. 250, "a county bar association instituting a special proceeding to recall a license issued to one to practice law is aggrieved by the order dismissing the petition and it may appeal from the order."

SMITH, C. J., delivered the opinion of the court.

The appellee, an attorney at law, was disbarred as such by an order of the court below, rendered on August 23, 1921, which order was affirmed on appeal to this court in *Ex parte Cashin*, 128 Miss. 224, 90 So. 850. On January 23, 1923, the appellee filed a petition in the court below praying that he be reinstated as an, and permitted to practice his profession of, attorney at law. At the February term of the court, the appellants herein were appointed by an order entered on the minutes of the court— "To act as counsellors in and for the said court, to make answer to the said petition that the court may be fully advised in said matter. The said counsellors are hereby ordered and directed to summons any and all witnesses, make and file any and all pleadings, and do such other things incidental to the practice of law in fully advising the court as to whether or not the petition of the said J. M. Cashin should be sustained or dismissed."

Thereafter, after hearing the evidence in support of and in opposition to the petition, an order was entered reinstating the appellee in accordance with the prayer of his petition and the holding of a majority of this court in the

case of *Ex parte Redmond,* 120 Miss. 536, 82 So. 513. Afterwards the court, by an order on its minutes—"adjudged that the committee appointed by the court to respond to the petition in the foregoing cause be, and they are hereby, allowed, authorized, and directed to prosecute an appeal to the supreme court from the order reinstating the applicant, J. M. Cashin, to the privileges of an attorney at law, upon the filing of an appeal bond in the sum of one hundred dollars conditioned as required by law, to be approved by the clerk of this court."

Acting on this order an appeal bond was executed by two of the committee therein referred to as principals, reciting that:

"The condition of the foregoing obligation is such that, whereas, in the circuit court of Humphreys county, a judgment was rendered reinstating said J. M. Cashin to the practice of law at the vacation term of said court, on the ———— day of April, 19—, and the said J. D. Jones et al., feeling aggrieved by said judgment have prayed and obtained an appeal to the supreme court. Now, if the said appellants (1) shall prosecute said appeal with effect; and (2) shall pay all costs, if the same be affirmed, then this obligation to be void; otherwise to remain in full force and effect."

The cause now comes on to be heard on a motion by the appellee to dismiss the appeal for the reason that the appellants have no right thereto.

An appeal is not a matter of right, and lies only when authorized by law. *Bridges* v. *Clay County,* 57 Miss. 252; *State ex rel. Brown* v. *Poplarville Sawmill Co.,* 119 Miss. 432, 81 So. 124. No statute authorizing this appeal has been called to our attention and the only one under which it could lie is section 33, Code of 1906 (Hemingway's Code, section 8) which provides that:

"An appeal may be taken to the supreme court from any final judgment of a circuit court in a civil case,

. . . by any of the parties or legal representatives of such parties," etc.

The order by which the court below authorized the appellants "to act as counsellors in and for the said court," etc., in this proceeding did not make the appellants parties thereto, but at most made them *amici curiae* only, and an *amicus curiæ* is not within the statute and has no right to an appeal thereunder. *Miller* v. *Keith,* 26 Miss. 166.

The motion will be sustained, and the appeal dismissed.

*Motion sustained, appeal dismissed.*