# Thompson *v.* Carter's Estate.

(Division A. Dec. 6, 1937. Suggestion of Error Overruled Jan. 3, 1938.)

[177 So. 356. No. 32923.]

Kermit R. Cofer, of Water Valley, for appellant.

R. F. Kimmons, of Water Valley, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant filed a petition in the court below under sections 1629 and 1639, Code of 1930, alleging that he was the receiver of the Peoples Bank in liquidation; that in June, 1932, W. B. Carter "executed a note jointly with the W. P. Moorhead & Co., W. P. Moorhead, and C. E. Carter, to the Peoples Bank, then a going concern, in the principal sum of $624.00 which note was payable on December 15, 1932," a copy of which was attached to the petition; that there remained a balance due thereon of $305.55; that Carter died intestate more than thirty days prior to the filing of the petition, leaving an estate worth several hundred dollars. The petition then prayed that letters of administration on Carter's estate be issued to the sheriff of Yalobusha county, of which county Carter was a citizen and resident at the time of his death.

By permission of the court Carter's heirs appeared and objected to the granting of the letters of administration, alleging, in substance, that when the Peoples Bank closed its doors and became insolvent Carter had on deposit with it a sum of money more than sufficient to pay this note, which deposit should be applied as a set-off thereto, and if this is done it would appear that a balance is due Carter on his deposit, for which they prayed a decree over against the petitioner.

The appellant filed an answer, which included a general demurrer, to these objections admitting the facts set forth in the objections, but denying that Carter's bank deposit could be set off against the balance due on the note. There was no separate ruling on the demurrer, and after hearing the evidence which disclosed the existence of this deposit, and that its amount exceeded the balance due on the note, the court declined to grant letters of administration and further decreed that the objectors were not "in this proceeding" entitled to a decreé against the petitioner for the excess of Carter's deposit over the balance due on his note.

No statute has been called to our attention permitting objections to be filed to the request of a creditor of a decedent for the appointment of an administrator of his estate, on the ground that the person requesting the appointment is not in fact a creditor of the decedent, but as no point is here made thereon, we will not decide it, but will assume for the purpose of the argument that such an objection can be made. In order for the appellant to have the right to request the appointment of an administrator for Carter's estate, it must appear that Carter died owing a debt to the bank the appellant represents. The possession and ownership of Carter's note on which there is a balance due discloses such a debt prima facie.

Assuming for the purpose of the argument that the objectors had the right to show that nothing was due on the note, the only way in which they have attempted to do this was to show that in a suit on the note, which would have to be brought against the administrator in event an administrator should be appointed, this bank deposit could be used as a set-off against the note. Whether this could be done presents a question of interest and difficulty, but it has no place here. That question can only arise in the course of the administration, or in a suit brought on the note against the administrator, and he then seeks the benefit of the alleged set-off. The merits of this controversy can be then, but not until then, properly decided.

The objectors' request for a judgment over against the appellant has no place here as the court below correctly so held. The appellees' request for the granting of the letters of administration should have been granted.

Reversed and remanded.

McGowen, J., did not participate in the decision of this case.