HANCOCK'S ESTATE *et al. v.* PYLE *et al.*

(Division B.  Feb. 19, 1940.)

[193 So. 812.  No. 33956.]

**Marvin Crawford,** of New Albany, for appellants.

**Fred B. Smith,** of Ripley, for appellants.

**Smallwood & Darden,** of New Albany, for appellee, Mrs. Thella McClellan.

**Hugh N. Clayton,** of New Albany, for appellee, L. A. Pyle, Administrator.

Argued orally by **Fred B. Smith**, for appellant, and by **Hugh N. Clayton**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

On February 16, 1939, Mrs. Thelma McClellan filed a petition in the Chancery Court of Union County, in which it was alleged that W. I. Hancock died at his residence in said county on February 15, 1935; that he left certain real and personal property; that there had been no administration on his estate; and, further, that on or about the first day of March, 1933, the said W. I. Hancock, under a purported foreclosure of a deed of trust, entered into possession of certain lands in Union county, Mississippi—describing the lands. It was alleged that the purported foreclosure sale was made on February 27, 1933, that it was invalid, void and of no effect; and that the petitioner desires to bring an action to have the foreclosure sale set aside, she being the owner of the said property. The petitioner, the said Mrs. Thelma McClellan, alleges that she is a creditor of the estate of W. I. Hancock, in the amount of rent owing to her by Hancock from and after the first day of March, 1933, until the date

of his death, for the reason that he occupied said property, and enjoyed the rents and profits therefrom during that period of time.

The petitioner further alleged that administration of the estate was necessary; and that L. A. Pyle was over twenty-one years of age, of sound mind, and had never been convicted of a felony, nor was he under any other legal disability; and that he was a suitable and proper person to administer the estate of said W. I. Hancock.

On the 16th day of February, 1939, the Chancery Clerk, in vacation, appointed Pyle administrator of the estate of W. I. Hancock.

Among other things alleged. in the contest, it was averred that Mrs. McClellan, the petitioner for the appointment of an administrator, was not a creditor of the estate of W. I. Hancock. There were other immaterial allegations in defense of the purported claim, and in opposition thereto.

On the hearing of the contest in the court below, a demurrer thereto was sustained, and the action of the Clerk, and his order appointing the administrator herein, was approved.

Among other allegations of the contest, it was said that the heirs-at-law, upon the death of Hancock, had agreed upon a settlement of the estate, appointing one of their number to act as their attorney in paying claims against the estate; that the administration of the estate, thus agreed upon by the heirs, all of whom were adults had been about completed; and some of the heirs had been given possession of their property.

We are of the opinion that it has always been the rule in this state that one who petitions for the appointment of an administrator of the estate of a decedent must be a creditor, legatee or distributee of such estate. See Calvin Miller v. John H. Keith, 26 Miss. 166. One who petitions as creditor of a decedent's estate, for appointment of an administrator of such estate, must prima facie show that he is a creditor. See Thompson v. Carter's Estate, 180 Miss. 104, 177 So. 356.

Where an administration is entirely unnecessary, the heirs-at-law and distributees of the estate, directly interested therein, and from whose estates the cost must be paid, have a right to interpose an objection to the appointment of an administrator, although in so doing they have no right to litigate the deal with one who asserts that he is a creditor. The question was whether or not prima facie Mrs. McClellan was a creditor of the decedent, Hancock. When a prima facie case is made by the creditor, it then becomes the duty of the Chancery Court to appoint an administrator, and the defenses to the alleged debt, or the litigation of the indebtedness, are matters to be determined in the court of the administration. See Thompson v. Carter's Est., supra.

We do not think there is here involved the question of the jurisdiction of the Chancery Court to appoint an administrator of a decedent's estate. Mrs. McClellan alleged in her petition that she was a creditor; but she further alleged that the decedent, Hancock, had gone into possession of her land under a void foreclosure proceeding; and the alleged debt exists, or does not exist, depending upon whether or not the foreclosure sale, of which she complains, is void. We think that a general allegation that a foreclosure sale is void is of no legal effect— is nothing more than an allegation of legal conclusion drawn by the pleader. Such allegation was insufficient to establish that a debt existed on account thereof. If the foreclosure sale was valid, then Mrs. McClellan was not a creditor of Hancock's estate, was an entire stranger to the record, and not entitled to have the estate administered over the objection of the heirs-at-law.

We think it was the duty of the Chancellor, in view of the allegation in the contest filed by the heirs, that Mrs. McClellan's petition for letter of administration was not in the capacity of a creditor of Hancock's estate, to have inquired into that issue, and to have required the petitioner to show that prima facie she was a creditor of the estate. If she made this showing, then that contest was

ended, and an administrator should be appointed. If she could not make this showing, then there should not have been an administration of the estate over the protests of the heirs and distributees of the estate. The question of the statute of limitations, and other questions attacking the validity of the debt, were not properly triable on the issue of whether or not Mrs. McClellan was a creditor of the estate of Hancock deceased, with a right to have an administration of the estate.

On this very narrow issue the case is reversed and remanded for further proceedings by the Chancery Court, in conformity herewith.

Reversed and remanded.