HANCOCK *et al. v.* PYLE *et al.*

(In Banc.  Sept. 22, 1941.)

[3 So. 2d 351.  No. 34429.]

See, also, 200 So. 716.

Fred B. Smith, of Ripley, and Marvin Crawford, of New Albany, for appellant.

**Smallwood & Darden,** of Oxford, for appellee, Mrs. Thella McClellan.

Hugh N. Clayton, of New Albany, for appellee, L. R. Pyle, Administrator.

Fred B. Smith, of Ripley, and Marvin Crawford, of New Albany, for appellants, in reply.

Argued orally by **Fred B. Smith,** for appellant, and by **Hugh N. Clayton,** for the Administrator.

**Anderson, J.,** delivered the opinion of the Court.

Mrs. Thella McClellan borrowed a sum of money from W. I. Hancock and to secure the same gave him her note secured by deed of trust on 159½ acres of land owned by her. Hancock has since died and Pyle is the adminis-

trator of his estate. Default was made in the payment of the indebtedness resulting in a foreclosure in pais. At the sale Hancock became the purchaser and received the trustee's deed accordingly. He died afterwards. Mrs. McClellan filed the bill in this case against Hancock's administrator and his heirs seeking to set aside the foreclosure sale upon the ground that it was void. Hancock went into possession of the land under his purchase and thereafter received the rents and profits therefrom and sold timber off the land. Mrs. McClellan seeks to recover such rents and profits and proceeds of sale of timber. Hancock's administrator and heirs, in addition to the defense that the foreclosure was valid, makes the contention that the claim for rents and proceeds of sale of timber is barred by Section 1672 of the Code of 1930 which provides that claims against the estate of a deceased person not probated within six months are barred. The evidence shows that this statute was not complied with. The chancellor held with Mrs. McClellan on both of these propositions. This is an appeal from that decree. This is the second appeal of the cause to this Court. See Hancock's Estate v. Pyle, 187 Miss. 801, 193 So. 812. On that appeal other questions were involved than those here involved. We will consider and dispose of those questions in the order stated.

The land actually owned by Mrs. McClellan and mortgaged to Hancock is described as follows: The northeast quarter of Section 17, Township 8, Range 4 east, less 10½ acres which said 10½ acres are described as beginning at the northwest corner of the said northeast quarter running thence east 42 rods, thence south 40 rods, thence west 42 rods, thence north 40 rods to the point of beginning of said exception. Also the northwest 40 acres of the northwest quarter of Section 16, Township 8, Range 4 east.

It will be observed that the land is located in two Sections, 16 and 17, Township 8, Range 4 east, and that Mrs. McClellan owned the northeast quarter of Section 17,

except 10½ acres in the northwest corner thereof, 42 rods east and west by 40 rods north and south.

The land was described in the deed of trust as follows: "The northeast quarter of Section 17, Township 8, Range 4 east, except 10½ acres described as follows: Beginning at the northeast corner of said quarter and run 42 rods east on the line between Sections 8 and 17, thence south 40 rods, thence west 42 rods, thence north 40 rods to the beginning point. Also the northwest 40 acres of the northwest quarter of Section 16, Township 8, Range 4 east."

The land as described in the trustee's advertisement of the foreclosure of Mrs. McClellan's deed of trust to Hancock: "The northeast quarter of Section 17, Township 8, Range 4, except 10½ acres being at the northeast corner of said quarter. Also the northwest 40 acres of the northwest quarter of Section 16, Township 8, Range 4 east."

The land as described in the trustee's deed foreclosing the deed of trust: "The northeast quarter of Section 17, Township 8, Range 4 east, except 10½ acres described as follows: Beginning at the northeast corner of the said quarter and run 42 rods east on the line between Sections 8 and 17, thence south 40 rods, thence west 42 rods, thence north 40 rods to the beginning corner. Also the northwest 40 acres of the northwest quarter of Section 16, Township 8, Range 4 east."

It will be observed that neither the description of the land in the deed of trust, nor in the trustee's foreclosure advertisement, nor in the trustee's deed correspond with the land actually owned by Mrs. McClellan. In the trustee's advertisement the 10½ acres was described as being "at the northeast corner of said quarter"; while the trustee's deed describes it as 10½ acres "beginning at the northeast corner of said quarter and run 42 rods east on the line between Sections 8 and 17, thence south 40 rods, thence west 42 rods, thence north 40 rods to the beginning corner."

We are of opinion that the foreclosure was void because the advertisement of the sale incorrectly described the exception of 10½ acres. Yellowly v. Beardsley, 76 Miss. 613, 24 So. 973, 974, 71 Am. St. Rep. 536, approves the following principles found in Freeman's note to Tyler v. Herring, 67 Miss. 169, 6 So. 840, 19 Am. St. Rep. 288 (note is in latter report): " 'Manifestly, the objects to be accomplished by a notice of sale are to advise the public of what is to be sold, and the time when, and the place where, and the terms upon which it may be bought; and the essentials of a notice of sale under a trust deed are therefore a statement of the time, place, and terms of sale, and such a description of the property to be sold as, if read by persons familiar with the neighborhood, will advise them of what is to be sold, and upon what terms it can be bought, and induce them to attend the sale as prospective bidders, should they feel an inclination to invest in the property to be sold.' And he concludes by saying that, 'under ordinary circumstances, it is indispensable, in a notice of sale, to set forth the time and the place of sale, and a correct description of the property.' The purpose of notice is not only to notify mortgagor, but the public, that the property may bring a fair price." In a foreclosure of this character the mortgagor, as well as the mortgagee, is deeply interested in having prospective bidders informed as to what is to be sold. Here the trustee's advertisement described the 10½ acres excepted as being in the northeast corner of the northeast quarter of Section 17, while the land not actually owned by Mrs. McClellan and which should have been excepted was in the northwest corner of the quarter. Ten and a half acres in one corner of the quarter may have been, in the judgment of prospective bidders, very much less valuable than 10½ acres in another corner. The error in the advertisement may have been controlling with prospective bidders in determining the amount they should bid, or whether or not they should bid at all. Our Court has uniformly held the advertisement must cor-

rectly describe the land intended to be sold. In addition to the Yellowly case, supra, see Hesdorffer v. Welsh, 127 Miss. 261, 90 So. 3; Wilkinson v. Federal Land Bank, 168 Miss. 645, 150 So. 218, 151 So. 761; McMahan v. American Building & Loan & Tontine Savings Ass'n, 75 Miss. 965, 23 So. 431; Planters' Mercantile Co. v. Braxton, 120 Miss. 470, 82 So. 323; Fauntleroy v. Mardis, 123 Miss. 353, 85 So. 96. Hancock's heirs and administrator rely on McAllister v. Honea, 71 Miss. 256, 14 So. 264, as decisive of this question in their favor. We think they are mistaken in that contention. The deed of trust given by Mrs. Burkett in that case described the land as ''north half less six acres of Section 17, Township 17, Range 6 east in Monroe County, Mississippi.'' It will be observed that there was no attempt to describe the exception of six acres. The deed of trust was given to secure an indebtedness due by Mrs. Burkett to Mrs. McAllister. Mrs. Burkett conveyed the land to Mrs. McAllister to satisfy the indebtedness describing the land as described in the deed of trust. Mrs. Burkett's creditors attacked the conveyance as void. The Court held that it was not; that the failure to describe the exception of six acres simply amounted to a conveyance by both the deed of trust and the deed from Mrs. Burkett of all the land she owned in that quarter. Furthermore, there is a radical difference between the facts of that case and the present case. There prospective bidders were not concerned. The grantor and the grantee agreed on the consideration. If the exception of six acres had been erroneously described there would have been some point in the contention. There was no attempt to describe it. Here we have an accurate description of the exception of 10½ acres, but the trouble is it was described as being in the wrong place.

There is no merit in the position that the claims for reasonable rental and the value of timber sold are barred because not probated within the time described by Section 1672, Code of 1930. That statute applies alone to

contractual claims and not to those ex delicto. Claims required to be probated are such as if paid by the executor administrator would prima facie entitle him to credit therefor. The rent and timber claims are not of that character. Feld v. Borodofski, 87 Miss. 727, 40 So. 816; Sledge & Norfleet Co. v. Dye et al., 140 Miss. 779, 106 So. 519; Sumrall v. Sumrall, 24 Miss. 258; Gray v. Harris, 43 Miss. 421; Robinett v. Starling, 72 Miss. 652, 18 So. 421.

It is contended by Hancock's administrator and heirs that if his estate be administered the Court should determine whether the administration should include the entire estate or only a part of it. We are unable to determine that question from the record in this case. We leave that to the chancellor.

Affirmed and remanded.

### DISSENTING OPINION.

**McGehee, J.**, delivered a partially dissenting opinion.

As shown by the controlling opinion herein, the grantor in the deed of trust actually owned the northeast quarter of section 17, except 10½ acres in the northwest corner thereof, and owned the northwest 40 acres of section 16. The deed of trust undertook to except 10½ acres in said northeast quarter of section 17, but described it as being elsewhere than in the section. The exception, therefore, amounted to nothing so far as the northeast quarter of section 17 is concerned. The deed of trust was effective, however, to convey to the trustee all of that quarter section except the 10½ acres in the northwest corner thereof which the grantor did not own. Section 2118, Code of 1930. As to the 10½ acres not owned by the grantor, the trustee's sale is, of course, invalid. Neither did it pass to the purchaser any title to the 10½ acres in the northeast corner of that quarter section, not because it was not included in the deed of trust, but because although included therein it was expressly excepted in the published notice of sale; and not having been advertised for sale, the attempted foreclosure was void as to that

10½ acres. However, I am of the opinion that the sale of the remaining 139 acres of the northeast quarter of section 17 was good.

As to the northwest 40 acres of section 16, it was owned by the grantor; it was described in the deed of trust; it was correctly advertised for sale; and was embraced in the trustee's deed. In each instance, as shown by the controlling opinion, it was specifically described as the "northwest 40 acres of the northwest quarter of section 16."

It is true that the deed of trust and trustee's deed, in addition to conveying this 40 acres in its entirety, seek to superimpose thereon a description purporting to cover 10½ acres as an exception from section 17, but describing an area by metes and bounds in the northwest corner of section 16; nevertheless, the purported exception is shown to be a part of the description of "section 17, township 8, range 4 east, except 10½ acres described as follows: Beginning at the northeast corner of said quarter and running 42 rods east on the line between sections 8 and 17, thence south 40 rods, thence west 42 rods, thence north 40 rods to the point of beginning." Therefore, it is manifest that while the exception is void as describing part of the northeast quarter of section 17, it is neither sufficient to except 10½ acres in the northwest 40 acres of section 16, for the reason that it is obvious that the draftsman was thereby undertaking to except a part of the northeast quarter of section 17, since immediately following the purported exception the whole of the northwest 40 acres of section 16 is conveyed in both the deed of trust and the trustee's deed, and the same was advertised for sale without any attempt to make an exception therefrom.

I am therefore of the opinion that in so far as the northwest 40 acres of section 16 is concerned, the description of a parcel thereof as being a part of section 17, and undertaking to except it from section 17, rendered the exception wholly ineffective as to either, in the absence of

a reformation of the instrument; and that therefore the foreclosure was good to convey a valid title to all of the land except as to the 10½ acres not owned by the grantor, and the 10½ acres in the northeast corner of section 17, which was not advertised for sale as aforesaid; that the appellees would not be entitled to recover for rents and profits, and for timber sold from the lands over the period of many years since the sale, other than from the 10½ acres in the northeast corner of said section 17, excepted from the notice of sale.

Roberds, J., and Smith, C. J., concur in this opinion.