EMMA C. SADLER *v.* TRUSTEES OF PRAIRIE LODGE.

1. GARNISHMENT. *Answer. Defects in original decree. When available.*
   A garnishee cannot avail himself of the fact that the decree on which the garnishment issued was made without service of process, if the record of the Chancery Court shows service, *pro confesso*, and a recital in the decree that the process was returned duly executed against the defendant who was legally before the court.

2. SAME. *Judgments and decrees. False recitals. How attacked.*
   Garnishees may contradict by parol the recital of jurisdictional facts in judgments or decrees of foreign courts or domestic courts of limited jurisdiction ; but the record of a domestic court of general jurisdiction cannot be attacked collaterally, and false recitals of service in such a court must be reached by a direct proceeding.

APPEAL from the Chancery Court of Monroe County.

Hon. L. HAUGHTON, Chancellor.

*Davis, McFarland & Paine*, for the appellant.

The decree of a domestic court of general jurisdiction cannot be attacked by a garnishee by parol evidence contradicting its recitals of service of process, and the authorities cited by opposing counsel are decrees of foreign courts or courts of limited jurisdiction or decrees void upon their faces. *Green* v. *Creighton*, 10 S. & M. 159; *Coit* v. *Haven*, 30 Conn. 190 ; *Dequindre* v. *Williams*, 31 Ind. 444; Freeman on Judgments, §§ 124, 134; Drake on Attachment, §§ 696, 697.

*Baxter McFarland* argued for the appellant orally.

*Houston & Reynolds*, for the appellees.

The garnishees are stakeholders, and must avail themselves of the fatal defect in the judgment, or they will be compelled to

pay twice, if it should hereafter be adjudged void.  *Oldham* v. *Ledbetter*, 1 How. 43 ; *Berry* v. *Anderson*, 2 How. 649 ; *Ford* v. *Woodward*, 2 S. & M. 260 ; *Ford* v. *Hurd*, 4 S. & M. 683 ; *Whitehead* v. *Henderson*, 4 S. & M. 704 ; *Webb* v. *Lea*, 6 Yerger, 473 ; *Thayer* v. *Tyler*, 10 Gray, 164 ; *Dew* v. *Bank of Alabama*, 9 Ala. 323 ; Drake on Attachments, §§ 691–695.  They are interested parties, and the judgment can be attacked in a collateral way.  Want of jurisdiction in a court pronouncing a judgment always gives cause for setting it aside when it is sought to be enforced, or when any benefit is claimed under it. *Enos* v. *Smith*, 7 S. & M. 85 ; *Tarleton* v. *Cox*, 45 Miss. 430 ; *Lane* v. *Wheless*, 46 Miss. 666 ; *Cotten* v. *McGehee*, 54 Miss. 621 ; *Harris* v. *Hardeman*, 14 How. (U. S.) 334 ; *Bissell* v. *Briggs*, 9 Mass. 462 ; *Borden* v. *Fitch*, 15 John. 121 ; *Starbuck* v. *Murray*, 5 Wend. 148 ; *Buchanan* v. *Rucker*, 9 East, 192 ; *Thompson* v. *Whitman*, 18 Wall. 457.

*R. O Reynolds* argued orally on the same side.

CHALMERS, J., delivered the opinion of the court.

Mrs. Sadler, having recovered a decree for five thousand dollars against the Mobile Life Insurance Co. in the Chancery Court of Monroe County, sued out a writ of garnishment against the trustees of Prairie Lodge upon the allegation that the lodge was indebted to the insurance company.  The trustees of the lodge answered, acknowledging an indebtedness in the sum of seven thousand dollars, but averring that the decree rendered in Mrs. Sadler's favor in the Chancery Court of Monroe County was null and void, because there had been no service of process upon the insurance company through its officers or agents or otherwise.  Mrs. Sadler moved to strike from this answer all that portion of it relating to the validity of the decree, and for a judgment against the garnishees on the acknowledgment of indebtedness.  This being denied her, she prosecutes this appeal.

A garnishee not only may, but must, avail himself of any defect in the proceedings against his creditor, which render those proceedings a nullity ; because, if he fails so to do, he may be compelled by his creditor to pay a second time ; but the invalidity must appear upon the face of the record, and he cannot

go outside of the record to demonstrate the invalidity by parol. An inspection of the record of the suit, which culminated in the rendition of the decree against the insurance company shows process regularly issued against the company, and a service upon the person named in the bill as its duly constituted agent, and a return of "executed" indorsed upon the writ by the sheriff. Upon this return a decree *pro confesso* was entered in these words, "it appearing to the court that process has been returned duly executed against the defendants, the Mobile Insurance Company, and that they are legally before the court," &c. Final decree for the amount found due followed on the next day after the entry of this *pro confesso*. Such a recital as this in the judgment or decree of a domestic court of general jurisdiction cannot be contradicted or questioned in a collateral proceeding. *Cocks* v. *Simmons*, 57 Miss. 183 ; Freeman on Judgments (3d ed.), § 131 and authorities cited. So long as such a judgment remains unreversed, and unassailed by some direct attack brought for the purpose of reversing or annulling it, its recitals must be respected in all collateral matters, and in all proceedings necessary for carrying out and executing it, but it may always be shown to be false by a direct attack undertaken for the purpose of demonstrating its nullity, whether such proceedings take the shape of a motion, a bill of review, a writ of error *coram nobis*, an original bill exhibited for the purpose of setting aside and vacating it, or any other procedure instituted for the purpose of testing its validity. Jurisdiction of the person is as essential as jurisdiction over the subject-matter, and no court can by any recital deprive a party of the right to show, in a direct proceeding undertaken for the purpose, that he is about to be deprived of his property without having had an opportunity to be heard. *Crawford* v. *Redus*, 54 Miss. 700 ; *Sivley* v. *Summers*, 57 Miss. 712, 731 ; Freeman on Judgments (3d ed.), § 495, and authorities cited.

It is manifest that a garnishment is a collateral, and not a direct, proceeding brought for the purpose of annulling an alleged void judgment. Indeed, it is not instituted by the garnishee at all, but is brought against him, and the judgment debtor is not a party to it. To permit every man who may be

garnished upon a judgment to contradict by parol the record of the judgment would produce endless litigation, and break down every vestige of that sanctity and assumption of verity which attach to the judgments of all courts of competent jurisdiction. Such a course is permissible as to foreign judgments whether rendered in courts of different nationalities, or in those of our sister States of the Union. *Thompson* v. *Whitman*, 18 Wall. 457. It is permitted also as to the judgments of tribunals of a limited and special character, the jurisdiction of which depends upon the existence of particular states of case, but is wholly inadmissible when the judgment of a domestic court of general jurisdiction is called in question.

*Reversed and remanded.*