## ROWAN TEMPLES ET AL *v*. D. B. CAIN.

1. PROBATE COURT. *Jurisdiction to appoint administrator. No personal assets of estate.*

   The Probate Court, under the Constitution of 1832 and the Code of 1857 had jurisdiction to appoint an administrator of the estate of one who had died a resident of this State, leaving no personal property, but an estate in lands, and owing debts for the payment of which it was necessary that the lands should be sold.

2. EJECTMENT. *By heirs against administrator. For lands bought by administrator. Jurisdiction.*

   Where, under the Code of 1857, lands belonging to the estate of a decedent were sold by the administrator, in pursuance of a decree of the Probate Court, to pay the debts of the deceased, and the sale was confirmed by an order of the court, the heirs of the decedent cannot maintain an action of ejectment to recover from the administrator the lands thus sold, on the ground that he purchased the same at his own sale, without having first obtained a decree in chancery, vacating the order of the Probate Court for the sale of the lands, or for the confirmation of such sale.

APPEAL from the Circuit Court of Franklin County.

Hon. J. B. CHRISMAN, Judge.

On the 22d of February, 1869, Rowan Temples and others brought this action of ejectment against Dempsey B. Cain to recover a certain tract of land, which the plaintiffs claimed as the heirs of Loyd A. Temples, deceased, and which the defendant held as the purchaser thereof at a sale by the administrator of decedent's estate. Issue having been joined between the parties, the case came on for trial on the 6th of April, 1882, when it was agreed that the parties on both sides claimed through Loyd A. Temple, deceased, as a common source, and that the plaintiffs were the legal heirs of the decedent, who died in Franklin County, Mississippi, 1863, seized and possessed of the land in controversy. The defendant then offered in evidence the record of proceedings in the Probate Court of Franklin County, in the administration of the estate of Loyd A. Temple, deceased. It embraced, amongst other things, the petition of Dempsey B. Cain filed in April, 1864, for letters of administration of the estate of the deceased, alleging that the latter died intestate owing debts, but leaving no personal property, and asking for an order to sell the lands belonging to the estate to pay the debts of the decedent, the order granting letters of administration to Cain, and authorizing the sale of the lands of the decedent, and the order confirming the administrator's report of the sale of the lands. The plaintiffs objected to the admission of this record in evidence upon many grounds, one of which was that the Probate Court had no authority to appoint an administrator where there was no personal estate belonging to the decedent. The objection was overruled and the record admitted in evidence. The defendant then read in evidence a deed from himself as administrator of the estate of Loyd A. Temples to Ira E. Byrd, and one from Byrd back to himself, which deeds embraced the land in controversy in this action. The plaintiffs, thereupon, offered evidence to show that Byrd's purchase of the lands was made for Cain, and in pursuance of a pre-

vious agreement between them. To the introduction of this evidence the defendant objected, and the objection was sustained. A judgment was rendered for the defendant and the plaintiffs appealed.

*Sessions & Cassedy*, for the appellants.

That the Legislature, in regulating the exercise by the Probate Court of the jurisdiction conferred upon it by the Constitution in matters of administration, never contemplated tnat it should proceed to appoint an administrator where there was no personal estate, is demonstrated by a reference to the statute (Code 1857, p. 138), prescribing the oath to be taken, the bond to be given and the duties to be discharged. He is required to make oath that he " will well and truly administer all and singular the goods, chattels and credits of the deceased, and pay his debts as far as his goods, chattels and credits will extend ; " " and that he will make a true and perfect inventory of the said goods, chattels and credits as also a just account when thereunto required." It was a useless farce for this administrator to take such an oath, when there was no goods and chattels to be administered, none to be inventoried and none to be accounted for. The penalty of the bond is measured by the value of the personal estate — " it shall be at least equal to the value of all the personal estate," but here there was " no personal estate," and consequently no criterion by which to fix the penalty of the bond.

It has been repeatedly decided that the jurisdiction of the Probate Court over the lands of a decedent is purely statutory, for the manifest reason that lands were not at the common law embraced in the phase " matters of administration," and the whole theory of the statute in conferring this special jurisdiction upon the Court of Probate is as an incident to its general and constitutional jurisdiction. All the provisions of the statute in reference to a sale of lands presupposes that a valid grant of administration has preceded. It is only as an incident to the administration of the personal estate that the court's jurisdiction to dispose of lands attaches, and hence it is, that it is

upon the application of the administrator (appointed and qualified, of course, as provided in Arts. 62 and 63 of the Code of 1857, p. 438) alone that lands may be sold to pay debts when the personalty is insufficient.   But where there is no personalty at all the jurisdiction to appoint an administrator has never attached.   The only other point we desire to notice is the action of the court in refusing to permit the evidence offered to go to the jury.   The . evidence was in rebuttal, and by it we proposed to show that Cain, the defendant, had indirectly become the purchaser at his own sale.   This evidence, certainly, was competent, for if he did so purchase, the sale and conveyances were fraudulent and void, and the title remained in the heirs, and they were entitled to recover.   Rorer on Jud. Sales, sects. 107, 108 and, 109, and authorities cited. The statute in force at the time the sale was made absolutely prohibits executors and administrators from purchasing at their own sales.   The language is emphatic.   "In no case shall an administrator or executor become the purchaser of any property which he may be ordered to sell by the court, either directly or indirectly."   Code 1857, p. 445, Art. 86.

*W. P. Cassedy*, for the appellee.

1. The order of the Probate Court appointing Cain administrator of Loyd A. Temple, deceased was valid.  *Partee* v. *Kortrecht*, 54 Miss. 69.   The administrator has no interest in or power overland, except as it becomes necessary to pay debts of ancestor.   Then it is his duty to make effectual the charge imposed on it.   Then he has an interest in and a power over the land.  *Hargrove* v. *Baskin Admr.*, 50 Miss. 197.   The right of the heir, like the right of the widow to one-half of her husband's estate in fee simple, where he dies intestate and childless, is held subject to the contingency of being defeated by a declaration of the insolvency of the estate.   *Yandal* v. *Pugh*, 53 Miss. 302.   The Probate Court is the proper and only forum in which this charge and encumbrance could be enforced.  *Foster* v. *Sumner*, 3 Smed. & M. 608.   It

was necessary for the court to adjudicate the fact whether it was necessary to sell the land before the administration, because there was nothing to administer until the land was declared assets. The Probate Court has jurisdiction to grant administration, and even if exercised improperly, the appointment must be upheld until set aside regularly. *Rail* v. *Dotson*, 14 Smed. & M. 176.

2. The only other ground relied on by plaintiffs in error to reverse the judgment is the exclusion of the evidence tending to show that the administrator became the purchaser directly or indirectly at his own sale. The statute on the subject is this: "But in no case shall an administrator or executor become the purchaser of any property which he may be ordered to sell by the court, either directly or directly." Code 1857, p. 445, Art. 86; Code 1871, sect. 1144. It will be observed that the statute does not declare such sales or purchases void. The general law always prohibited the temptation to fraud which was offered to any one occupying the inconsistent position of seller and purchaser at same sale. The statute is only directory of what has always been the law, and applies it specially to sales by administrators and executors. The statute, no more than the general law, does not hold these sales void. The reason of both laws is for the protection of those to be affected by such sales. If such interests were prejudiced thereby, they could set them aside upon a direct application for that purpose. If no such application was made, they were valid. In other words they were voidable merely, and at the option and election of the party interested either to assail them in a direct proceeding for that purpose or to ratify and acquiesce in the sale. Our Supreme Court, at an early day, upon a review of the authorities held them voidable merely. *Scott et al.* v. *Freeland*, 7 Smed. & M. 409. The court held also that such sales could be ratified even when affecting the rights of infants, after the infant was of age, and did not move in a reasonable time after coming of age to avoid the sale. If the administrator bought at his own sale at the

full value of the land, neither creditors nor the heirs would be interested in setting it aside. The purpose of setting aside such sales could only be that the property might again be sold with a view of bringing a higher price. The decree of sale being valid, devotes the property to sale and the consequence of a void or voidable sale, when set aside, would only be to cause a resale. This shows the necessity of attacking the regularity of the sale directly before the tribunal which ordered it, and not collaterally in another forum, having no power to order a resale or supervise its regularity.

CHALMERS, J., delivered the opinion of the court.

Two questions are presented by the record.

1. Had our Probate Court, under the Constitution of 1832, jurisdiction to appoint an administrator of a decedent who left no personal estate, but died the owner of realty, leaving debts, for the payment of which a sale of the realty was necessary?

2. Can the heirs of a decedent, whose land has been sold by decree of the Probate Court, bring ejectment to recover it from the administrator who has directly or indirectly purchased at his wn sale, without a precedent proceeding to vacate the decree of the court of probates confirming the sale?

It was said *arguendo* in *Partee* v. *Kortrecht*, 54 Miss. 68, 73, that under the Code of 1857 (which is the Code governing the present case), letters of administration could not be granted upon the estate of a non-resident decedent, who left land but no personalty in this State, though the rule was different under the Code of 1871, under which this case originated. Whether the statement was correct or not as to the case of a non-resident intestate, we think it clear that the Probate Court had jurisdiction to grant administration upon the estate of a resident of the State, who left realty only, where, as in this instance, it was made to appear that there were outstanding debts for the payment of which a sale of the realty was essential.

Lands are made assets for the payment of the debts of a de-

cedent in the event of a failure of personalty, and the Probate Court was the tribunal for the ascertainment of the deficiency and for the condemnation of the lands. That court therefore must have had jurisdiction to institute the inquiry necessary to ascertain the fact and, as preliminary thereto, to open the administration. If the result showed that there was no necessity for the condemnation of realty, the title thereto was unaffected and remained in the heir. If the court adjudged that the land should be sold, it was thereby converted into assets and the power to deal with it became plenary. It would be dwarfing and belittling the jurisdiction of a constitutional tribunal to hold that its power to do this depended upon the fact of whether the deceased land-owner had or had not died the owner also of personalty to the extent of a cow or a horse, or a worthless chose in action.

Its power to sell the land depending upon its own adjudication of whether it was necessary to do so, it must have had the right to institute proper proceedings to determine this question, and, as incidental and essential to such inquiry, to appoint an administrator.

Upon the second question presented by the record we are of opinion that the heirs could not maintain ejectment for the recovery of the land of their ancestor upon the ground that the purchase at the administrator's sale, though in the name of another, was really and conclusively made for his benefit. The general doctrine is well settled that in the absence of fraud the judgment or decree of a court of competent jurisdiction cannot be collaterally impeached, as by seeking to wrest from a purchaser the fruits of such judgment, but that the decree or judgment must be directly attacked and vacated as if by appeal, bill of review, or other proceeding, which has for its special object the annulment of the judgment itself rather than a deprivation of its fruits.

The confirmation by the Probate Court of the sale made by the administrator in this case vested the legal title to the land in controversy in the purchaser, and that title passed by the

subsequent deed of the purchaser to the administrator. If we concede that the arrangement was collusive, and that the administrator was the real purchaser, the sale was not void, but voidable only at the election of the heirs, as this court has repeatedly announced; and it is only when legal proceedings, which culminate in the acquisition of an apparent legal title, are absolutely void that they can be ignored and disregarded by those who desire to defeat their effect. *Cocke* v. *Simmons*, 57 Miss. 183; *Sadler* v. *Prairie Lodge*, 59 Miss. 572; *Bland* v. *Muncaster*, 24 Miss. 62; *Scott* v. *Freeland*, 7 Smed. &. M. 409; *Jones* v. *Smith*, 33 Miss. 215.

It is the right of the *cestuis que* trust, when their trustee has purchased the trust property, either to claim its proceeds or the property itself; but this right is coupled with the obligation of acting promptly, and o f accounting for anything that they may have received, and when the proceeds have been knowingly received it cuts off the right of claiming the thing sold. A court of equity is the more appropriate forum for the adjudication of such rights as these, and until the decree under which the sale took place, or was confirmed, has been vacated, must be the exclusive one.

We perceive no reason why in that court the proceeding for the recovery of the property and the adjustment of the equities of the parties may not be combined with one for vacating the decree of sale or of confirmation; but this cannot be done in a court of law. It follows from these views that the court properly excluded in this action the proffered testimony to establish that the administrator was the purchaser of the land sued for at his own sale under the decree of the Probate Court.

Affirmed.