(114 So. 284)

### CITY OF FLORENCE v. BARNETT.
### (8 Div. 575.)

Court of Appeals of Alabama. Nov. 1, 1927.

Orlan B. Hill, Jr., of Florence, for appellant.

Jas. C. Roberts, of Florence, for appellee.

BRICKEN, P. J. It appears from the record that the board of commissioners of the city of Florence, Ala., levied an assessment against the land of appellee to pay the cost of construction of a storm water sewer.' An appeal was taken by defendant to the circuit court from the judgment of said board of commissioners finally fixing said assessment.

The cause was tried in the circuit court on an agreed statement of facts, in which all questions involved were agreed upon, except the question as to whether or not the land in question was increased in value to the amount of such assessment by reason of the special benefits derived from the construction of said storm water sewer. Therefore this was the sole issue involved upon the trial of this cause. By consent of parties the introduction of the agreed statement of facts in evidence constituted a prima facie case in favor of the plaintiff.

■ As a defense, the defendant himself testified that his property was not benefited by said sewer improvement, and offered the testimony of several other witnesses, who gave evidence of facts and circumstances tending to corroborate the evidence of the defendant. The plaintiff in rebuttal introduced several witnesses, some of whom gave evidence tending to show that the property of defendant had been benefited by the construction of said sewer and had increased in value. A conflict in the testimony is thus apparent and presented a question for the jury to determine. We have examined the rulings of the court upon the admission of evidence to which exceptions were reserved. We find no error in any of these rulings, as the evidence sought and adduced was pertinent to the issue involved, and tended to shed light upon the sole question in the case.

■■ Charge 1, refused to plaintiff, was bad, in that it assumed as a fact that the construction of the sewer had the effect to increase the value of all other property in the immediate locality. It was therefore invasive of the province of the jury. It was properly refused also as being abstract, and in the nature of an argument.

We cannot agree with the insistence that the verdict of the jury was contrary to the great weight of the evidence. A jury question was presented by the evidence and from the evidence the duty devolved upon the jury to say by its verdict that the property in question had or had not been increased in value by the special benefits derived by reason of said improvement. It was ample to support the verdict.

The motion for a new trial was properly overruled.

From what has been said, we think it unnecessary to pass upon the motion of appellee to dismiss the appeal, and shall therefore pretermit a discussion of this point. We think the appeal here is without merit. The judgment of the lower court is therefore affirmed.

Affirmed.