DAY, et al. *v.* HART, ADMINISTRATOR, ETC.

No. 40632          January 20, 1958          99 So. 2d 656

*Hugh V. Wall, Jones & Stratton,* Brookhaven, for appellants.

*Cohn, Hobbs & Hobbs,* Brookhaven, for appellee.

HOLMES, J.

This is an appeal from a decree of the Chancery Court of Lincoln County granting administration upon the estate of Ivey Lee Day, deceased, and appointing Royce R. Hart, Clerk of said court, as administrator of said estate. The appeal challenges the jurisdiction of the Chancery Court of Lincoln County to render said decree.

The cause originated upon the petition of Feddie Hall and his wife, Mrs. Tressie Hall, parents of R. J. Hall, deceased, filed on the 29th day of March, 1956, in the Chancery Court of Lincoln County praying the appointment of an administrator of the estate of the said Ivey Lee Day, deceased.

The following appears upon the face of the petition: Ivey Lee Day and R. J. Hall were killed as the result of a collision between an automobile driven by Ivey Lee Day and an automobile driven by R. J. Hall. The collision occurred on the 22nd day of August, 1953, on U. S. Highway 51 in Lincoln County, Mississippi. Both Day and Hall died at the scene of the collision in Lincoln County,

Mississippi. The collision was caused by the negligence of Day in driving his automobile in a careless and reckless manner and at an excessive rate of speed and upon the wrong side of the highway. Both Hall and Day died intestate. Hall was 23 years of age and was unmarried and resided with his parents, the petitioners herein, in Lincoln County, and he left surviving him as his only legal heirs his said parents and two sisters, namely, Mrs. Laura Bell Wood and Mrs. Cora Mae Murray. Day left surviving him as his only legal heir his widow, Mrs. Doris McGrew Day, an adult, who is a non-resident of the State of Mississippi and a resident of Baton Rouge, Louisiana. At the time of Day's death in Lincoln County, Mississippi, on the 22nd day of August, 1953, he had no fixed place of residence in the State of Mississippi but was a resident of the State of Louisiana. By reason of the wrongful death of the said R. J. Hall caused by the negligence of the said Ivey Lee Day, a cause of action for damages has accrued to the heirs at law of the said R. J. Hall under Section 1453 of the Code of 1942, as amended by Chapter 248 of the Laws of 1952, against the personal representative of the estate of Ivey Lee Day, deceased, in the State of Mississippi, when a personal representative of the estate of Ivey Lee Day has been appointed and qualified. Petitioners and the other heirs at law of R. J. Hall, deceased, are by reason of the premises creditors of the estate of Ivey Lee Day, deceased.

At the time of the death of the said Ivey Lee Day, he had no personal property in the State of Mississippi immediately subject to the claims of creditors, but he had in force and effect an automobile liability insurance policy issued to him by the Travelers Indemnity Company, a corporation authorized and qualified to do business in the State of Mississippi, and doing business in the State of Mississippi, with the Insurance Commissioner of the State of Mississippi duly appointed and designated as its agent for process. Under the provisions of said policy, the insurer was obligated within prescribed limits to in-

demnity and save harmless the insured as against claims for personal injuries or death resulting from the negligent operation of his automobile, and to defend any suit therefor, and to pay any judgment recovered against the insured therefor, and petitioners assert a cause of action indirectly against the said Travelers Indemnity Company. No prior application has heretofore been made by anyone for the grant of administration on the estate of the said Day, and none has been previously granted.

Petitioners, as creditors of the estate of the said Ivey Lee Day, deceased, sought the grant of administration on the estate of the said Day and the appointment of an administrator thereof in order that the heirs of R. J. Hall, deceased, might bring and prosecute a suit in the State of Mississippi against the personal representative of the estate of the said Day on their aforesaid cause of action, and they prayed the appointment of such administrator as authorized by Section 525 of the Code of 1942.

Mrs. Doris McGrew Day, the widow, and the said Travelers Indemnity Company were named as respondents to said petition and entered their appearance thereto.

When the cause came on for trial, the parties entered into a written stipulation agreeing that the sole and only controversy between the petitioners and respondents is a question of law arising upon the face of the petition, namely, whether the petitioners as heirs at law or beneficiaries of the said R. J. Hall, deceased, are entitled to have administration granted upon the estate of the said Ivey Lee Day, deceased, so that the heirs of the said R. J. Hall, deceased, may bring and prosecute in the State of Mississippi a suit on their aforesaid cause of action against the personal representative of the estate of the said Ivey Lee Day, deceased.

It was alleged in the petition that in the absence of the appointment of an administrator of the estate of Ivey Lee Day, deceased, the heirs of the said R. J. Hall cannot

bring an action in the State of Mississippi on their aforesaid cause of action.

Upon the hearing of the cause, the Chancery Court of Lincoln County entered its decree granting administration upon the estate of Ivey Lee Day, deceased, and appointing Royce R. Hart, clerk of said court, as administrator, and granting in open court to the respondents on appeal with supersedeas to the Supreme Court, which appeal was duly perfected.

■■■ The sole issue on this appeal is whether or not the Chancery Court of Lincoln County had jurisdiction to grant administration upon the estate of Ivey Lee Day, deceased.

It is the contention of the appellants that since the said Ivey Lee Day was a non-resident of the State of Mississippi and had no fixed place of residence in Lincoln County, Mississippi, the Chancery Court of Lincoln County was without jurisdiction to grant administration on his estate in the absence of a showing that at the time of his death he was the owner of real or personal property in said county. They point out that the petition affirmatively shows that the said Day left no real or personal property in Lincoln County unless, as claimed by the appellees, the aforesaid automobile liability insurance policy constitutes personal property within the contemplation of the statute conferring upon the chancery court jurisdiction to grant letters of administration on the estate of decedents. The position of the appellants is that such a policy does not constitute personal property within the contemplation of the statute, and in support of this view they cite authorities from other jurisdictions but admit that the authorities on this question are not in accord. They further contend, however, that if such policy does constitute personal property within the contemplation of the statute, the situs of such property is at the domicile of the owner, and, therefore, in the case at bar, is without the State of Mississippi.

We think, however, that the question whether the aforesaid policy constitutes personal property of the decedent, and if so, whether its situs is within or without the State of Mississippi, is not controlling in this case, and that it is not necessary that we decide it. Our own statutes, in our opinion, clearly confer upon the Chancery Court of Lincoln County jurisdiction to render the decree appealed from. Section 1453 of the Code of 1942, as amended by Chapter 248 of the Laws of 1952, provides in its pertinent parts as follows:

"Whenever the death of any person shall be caused by any real wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, or whenever the death of any person shall be caused by the breach of any warranty, express or implied, of the purity or fitness of any foods, drugs, medicines, beverages, tobacco or any and all other articles or commodities intended for human consumption, as would, had the death not ensued, have entitled the person injured or made ill or damaged thereby, to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the *representatives of such person shall be liable for damages,* notwithstanding the death, and the fact that death was instantaneous shall, in no case affect the right of recovery. . . . . . . ." (Emphasis ours).

It is not controverted that under the facts as alleged in the petition the heirs of R. J. Hall, deceased, became creditors of the estate of Ivey Lee Day, deceased, under said Section 1453 of the Code of 1942, as amended by Chapter 248 of the Laws of 1952, and that under said Code section as amended a cause of action has accrued to said heirs against the personal representative of the

estate of Ivey Lee Day, deceased, for damages for the wrongful death of the said R. J. Hall. It is clear from the provisions of the statute that it contemplates the appointment of an administrator of the estate of the said Ivey Lee Day, deceased, against whom an action may be brought on the aforesaid cause of action.

Section 525 of the Code of 1942 fixes the jurisdiction of the court to appoint such administrator on the application of a creditor. This Code section provides as follows:

"Letters of administration shall be granted by the chancery court of the county in which the intestate had, at the time of his death, a fixed place of residence; *but if the intestate did not have a fixed place of residence, then by the chancery court of the county where the intestate died,* or that in which his personal property or some part of it may be. And the court shall grant letters of administration to the relative who may apply, preferring first the husband or wife and then such others as may be next entitled to distribution, if not disqualified, selecting amongst those who may stand in equal right the person or persons best calculated to manage the estate; or the court may select a stranger, or a trust company organized under the laws of this state, or a national bank doing business in this state, if the kindred be incompetent. And if such person do not apply for administration within thirty days from the death of an intestate the court may grant administration to a creditor or to any other suitable person." (Emphasis ours)

Section 533 of the Code of 1942 makes provision for committing the administration of a decedent to the county administrator, and Section 535 of the Code of 1942 makes provision for committing the administration of a decedent to a sheriff. Neither of these two latter sections has any application to the case at bar.

Under said Section 525 of the Code of 1942 jurisdiction to grant administration is conferred upon the chancery

court of the *county in which the decedent died.* The statute is clear and unambiguous and must be construed to mean what it says. A similar statute is not unknown to other jurisdictions. In 33 C. J. S., Executors and Administrators, Sec. 19, p. 897, is found the following:

"In some jurisdictions, where deceased had no fixed residence within the state, jurisdiction over the administration of his estate is conferred on the probate court of the county where he died, but such jurisdiction is usually given in the alternative, to such court or to the court of the county wherein decedent's property or the greater part thereof is situated."

It is admitted that Ivey Lee Day died in Lincoln County. Therefore, under the plain provisions of the statute the Chancery Court of Lincoln County was vested with jurisdiction to grant administration upon his estate.

In contending that the ownership of real or personal property is essential to the jurisdiction of the court to grant administration, the appellants rely upon the cases of Partee v. Kortrecht, 54 Miss. 66, and Temples v. Cain, 60 Miss. 478. Neither of these decisions, however, deals with a case where the application for the grant of administration was made to the chancery court of the county *in which the decedent died.* The language of the court in these cases must be considered in the light of the facts of the particular case, and when so considered, we are of the opinion that these cases have no application to the case at bar.

In the light of the views hereinbefore expressed, we are of the opinion that the judgment of the court below is correct and that the same should be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.