BULLOCK, d.b.a. BULLOCK CONSTRUCTION COMPANY *v.* YOUNG, ADMRX.

No. 42061 February 19, 1962 137 So. 2d 777

*Watkins, Pyle, Edwards & Ludlam,* Jackson, for appellant.

*Ramsey, Ramsey & Bodron, Cedric L. Feibleman,* Vicksburg, for appellee.

148

Kyle, J.

The appellant C. E. Bullock, d/b/a Bullock Construction Company, plaintiff in the court below, filed an action in tort in the Circuit Court of the First Judicial District of Hinds County against Mrs. Gloria F. Young, administratrix of the Estate of James K. Young, deceased, Fidelity and Deposit Company of Maryland, Gulf South Engineering Company, Culkin Water District, and Mrs. Gloria F. Young, administratrix of the Estate of James K. Young, deceased, d/b/a Young & Bailess Construction Company, defendants, for the recovery of damages for the negligent injury and partial destruction of a pumping station which was being constructed by the appellant for the Culkin Water District.

The declaration alleged that, on July 15, 1959, the plaintiff entered into a contract with the Culkin Water District for the construction and completion of a pumping station for said water district; that, on July 17, 1959, the defendants, James K. Young, d/b/a Young & Bailess Construction Company, and Gulf South Engineering Company, a corporation, entered into a contract with Culkin Water District for furnishing work and material on the general contract for a water distribution system; that on February 6, 1960, the plaintiff had substantially completed his contract according to plans and specifications, and the pumping station was placed in the possession of Culkin Water District for its convenience in supplying water; that the contract which the water district had with the defendants, Young & Bailess Construction Company and Gulf South Engineering Company, among other things, provided for the cleaning

and sterilization of the water lines installed by said defendants as contractors; and that on February 19, 1960, said Young & Bailess Construction Company and Gulf South Engineering Company, while engaged in the process of cleaning and sterilizing the water lines installed by them and in order to accomplish that purpose, made use of compressed chlorine gas, which they negligently, carelessly, recklessly and in an improper manner, without using necessary and proper precautions, permitted to flow into the plaintiff's pumping station through copper tubings and pipes inside of plaintiff's pumping station; and that, as a result of the flowage of said gas into the pumping station the copper tubings and pipes on the inside of the pumping station deteriorated, causing holes to be formed therein through which gas escaped and spread over the interior of the building, damaging the walls, pumps and other equipment which had been installed by the plaintiff according to his contract. The plaintiff further alleged that, in addition to the damage to the pumping station, which was caused by the gas itself, other damage was caused by the gas mixing with water and by the chemical erosion resulting from the gas coming in contact with the copper tubing.

The plaintiff further alleged that chlorine gas, if not properly handled, is capable of causing great damage, as it did in this case, and is dangerous under such circumstances; that the defendants were in complete control of the equipment used in the cleaning and sterilization of said water lines and were solely responsible for the damage thus inflicted upon the plaintiff's property; and that shortly after the damage was inflicted upon plaintiff's property the said James K. Young, now deceased, acting for and on behalf of Young & Bailess Construction Company and Gulf South Engineering Company, admitted to the plaintiff that said damage had been caused by the negligent acts of said construction company and said engineering company, and further

promised to restore and repair the same; and that on April 6, 1960, K. A. Paine, President of the Gulf South Engineering Company, acting for and on behalf of the defendant Engineering Company and Young & Bailess Construction Company, admitted to the plaintiff that said defendants had caused said damage and promised to restore and repair all damaged material in plaintiff's pumping station to its status at the time such damage was inflicted, but said defendants thereafter refused to comply with their agreement to make said repairs.

The plaintiff further alleged that the Culkin Water District had failed and refused to pay for the damage done to the plaintiff's property or to enforce the provisions of its contract with Young & Bailess Construction Company requiring said contractor to repair the damage done to said property, but on the contrary had given notice to the plaintiff requiring him to repair and replace the damaged equipment and machinery; and plaintiff had entered into a contract with John B. Scott d/b/a United Electric Company to make said repairs at a cost of approximately $7,000.

The plaintiff therefore sued and demanded judgment against the defendants for the sum of $7,630.40, being the amount of the contract price to be paid to the United Electric Company by the plaintiff, together with other costs and expenses amounting to $680.

The plaintiff attached as exhibits to his declaration: (1) Copy of contract entered into between the Culkin Water District, as owner, and the Bullock Construction Company, as contractor, for the construction of said pumping station, dated July 15, 1959; (2) copy of contract entered into between the Culkin Water District, as owner, and Young & Bailess Construction Company and Gulf South Engineering Company, as contractor, for the furnishing of work and material on the general contract for a water distribution system, dated July 17, 1959; (3) copy of performance bond executed by Young

& Bailess Construction Company and Gulf South Engineering Company, as principal, and Fidelity and Deposit Company of Maryland, a corporation, as surety, in favor of Culkin Water District, as obligee, guaranteeing the proper performance by the contractors of the above mentioned contract, dated July 17, 1959; and (4) copy of subcontract between John B. Scott d/b/a United Electric Company, as subcontractor, and Bullock Construction Company, contractor, dated May 19, 1960.

The declaration was filed on October 14, 1960.

At the November 1960 term of the court the defendant, Gloria F. Young, administratrix of the Estate of James K. Young, deceased, filed a motion to dismiss with prejudice the suit against the defendant administratrix on the ground that the estate of James K. Young, deceased, had been declared insolvent by decree of the Chancery Court of Warren County, dated October 12, 1960, and that the plaintiff was prohibited by Section 630, Mississippi Code of 1942, from filing suit against the defendant administratrix after the estate had been declared insolvent. A certified copy of said decree of said chancery court was attached as an exhibit to the motion and made a part thereof. The defendants, Culkin Water District, Gulf South Engineering Company and Fidelity and Deposit Company of Maryland filed separate answers.

When the case was called for hearing at the January 1961 term of the court, upon the motion of the defendant administratrix to dismiss with prejudice the plaintiff's suit against the administratrix, it was stipulated and agreed on behalf of the respective parties that there was in existence a public liability insurance policy in the amount of $5,000 issued by an unnamed insurance company to ''James K. Young d/b/a Young Construction Company,'' and that the insurance carrier had refused to defend the suit and had denied coverage under the policy. The court then heard arguments upon the mo-

tion of the defendant administratrix for dismissal of the plaintiff's suit, and at the conclusion of the hearing, the trial judge announced that he was of the opinion, that, in view of the provisions of Section 630 of the Mississippi Code of 1942, Rec., the motion should be sustained. A judgment was therefore entered dismissing with prejudice the plaintiff's suit against said administratrix, on the ground that the estate of the deceased had been adjudicated and decreed to be insolvent. From that judgment the plaintiff has prosecuted this appeal.

Only one point is argued by the appellant's attorneys as ground for reversal of the judgment of the lower court, and that is, that the court erred in sustaining the appellee's motion to dismiss with prejudice the appellant's suit against the appellee administratrix on the ground that the appellant was barred of his right to sue by virtue of Section 630, Mississippi Code of 1942, Rec.

 ██ We think the court erred in sustaining the appellee's motion to dismiss the appellant's suit against the defendant administratrix on the ground that the plaintiff was barred of his right to sue by virtue of the provisions of Code Section 630, supra.

Section 609, Code of 1942, Rec., provides that, "Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. And they shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased."

It cannot be doubted that the action in this case is a "personal action which might have been maintained against the deceased." It was an action in tort against the defendant administratrix for compensatory damages for an alleged injury to the plaintiff's property caused by the negligent handling by the defendant's intestate

of the chlorine gas which was permitted to flow into the plaintiff's pumping station. It was an action to enforce a liability ex delicto, a demand for the payment of damages for the wrongful injury to property. It was not such claim as might be paid, if the estate were solvent, by an executor or administrator, and which if bona fide would afford him protection. It was a liability in the strictest sense of the word, and not a claim within the meaning of our statutes relating to the probate of claims against the estate of a deceased person.

Section 630, Mississippi Code of 1942, Rec., which is the code section upon which the defendant administratrix relies for an affirmance of the judgment of the lower court, provides that, "A suit or action shall not be brought against an executor or administrator on any claim against the decedent after the estate has been declared insolvent."

 We think the provisions of that section are applicable only to contractual claims and not to claims ex delicto. This Court has held in several cases that the provisions of Section 569, Code of 1942, Rec., relating to the probate of claims against the estates of deceased persons, apply only to contractual claims and not to claims ex delicto. Feld v. Borodofski, 87 Miss. 727, 40 So. 816; Chandlee v. Tharp, 161 Miss. 623, 137 So. 540; Stephens v. Duckworth, 188 Miss. 626, 196 So. 219; Hancock v. Pyle, 191 Miss. 546, 3 So. 2d 851.

In the case of Feld v. Borodofski, supra, the Court held that a claim for damages for an assault and battery was not within Ann. Code 1892, Sec. 1933, providing that all claims against the estate of a decedent should be probated. The Court in its opinion in that case said: "We do not think a claim for damages is one for probate against the estate of a deceased person, under Code 1892, Sec. 1933. That section has reference to contractual claims, and not to those ex delicto. It must be such a claim as might be paid, if the estate were solvent, by

an executor or administrator, and which, if bona fide and proper, would afford him protection. Sumrall v. Sumrall, 24 Miss. 258. This could never be with an uncertain demand for damages for assault and battery. The claim to be probated must be one which, if paid by the executor or administrator, would prima facie entitle him to credit. Gray v. Harris, 43 Miss. 421. The terms of the statute fully sustain this, as does the reasoning of the court in Robinett v. Starling, 72 Miss. 652, 18 South. 421, and in cases cited in appellee's brief, as also in 2 Words & Phrases, 1205, 1206." See also Chandlee v. Tharp, supra.

In Stephens v. Duckworth, 188 Miss. 626, 196 So. 219, the Court held that a daughter's claim against her father's estate for compensation for services rendered during a period of eight years next preceding the father's death was an unliquidated claim, "one which had to be determined by competent authority," and hence was a "liability" in the strictest sense of the word, "and not a claim within the meaning of our statutes upon probated claims." The Court in its opinion in that case said: "Neither of the parties could have determined the amount which she was entitled to receive from the estate. Therefore, her claim propounded by her petition before the time for probation of claims, was not such as could be probated as required by Section 1671, Code of 1930, as amended by Chapter 304, Laws of 1934. Neither Mrs. Stephens nor the decedent in his lifetime could have calculated the amount due her without some other agreement. It was a liability in the strictest sense of the word, and not a claim within the meaning of our statutes upon probated claims."

In the case of Hancock v. Pyle, 191 Miss. 546, 3 So. 2d 351, the Court again held that the statute requiring claims against estates to be probated within six months applies only to contractual claims and not to those ex delicto.

The appellant's action in the case that we have here was an action in tort to establish liability for and to have determined by due process of law the amount of damages which the appellant was entitled to recover, and to obtain a judgment therefor. It was not an action to enforce payment of a contractual obligation such as could be probated as required by Code Section 569, supra. We express no opinion here as to the merits of the appellant's suit. But we think the appellant had a right to prosecute his suit to a final judgment, as he would have had a right to do if the suit had been filed before the entry of the decree declaring the estate insolvent.

For the reasons stated above the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

*Lee, P.J.,* and *Arrington, Ethridge* and *Jones, JJ.,* concur.