## POWELL *v.* BUCHANAN, ADMRX.

No. 42447      November 26, 1962      147 So. 2d 110

*Crisler, Crisler & Bowling, J. A. Travis, Jr.,* Jackson, for appellant.

*Cox, Dunn & Clark, Satterfield, Shell, Williams & Buford, Jerome B. Steen,* Jackson, for appellee.

JONES, J.

Buchanan and Powell were involved in the same automobile accident. Buchanan was killed; Powell was injured and was disabled for about a year. The accident happened May 21, 1960. The administratrix of Buchanan's estate qualified May 28, 1960, and gave notice to creditors beginning May 30, 1960. Final account and petition for discharge was filed January 16, 1961, and decree discharging the administratrix and her bondsmen was entered on March 3, 1961. On May 23, 1961, Powell filed a petition in the Chancery Court of the First District of Hinds County setting up that he had a claim for personal injuries against the estate of Buchanan, that the administratrix of Buchanan's estate had been discharged, that he desired to proceed against the estate and asked for the appointment of an administrator. On this petition a decree was entered appointing the Sheriff of Hinds County (Gilfoy) as administrator. On June 29, 1961, a motion to dismiss Gilfoy as administrator was filed by the former attorney of Mrs. Buchanan, the previous administratrix, who filed as such attorney and as amicus curiae, seeking to have Gilfoy dismissed as administrator, apparently in line with Gasque v. Moody, 20 Miss. 153.

On hearing, the appointment of Gilfoy was set aside by the chancery court on November 8, 1961. Then on

January 9, 1962, Powell filed a petition to reopen the account and the estate on the ground that the final account was erroneous in failing to list the unliquidated claim of the petitioner and also in failing to list a liability insurance policy as an asset and should be surcharged under Section 646, Code of 1942. Answer to this petition was filed by the former administratrix on February 26, 1962. The petition to reopen the estate also prayed for general relief, in that it asked that if the former administratrix did not desire to serve some other person be appointed as administrator, and it also contained a separate prayer for general relief. The petition came on for hearing before the chancellor on March 22, 1962. On completion of the evidence it was taken under advisement by him, and on April 10, 1962 the petition was dismissed, at the petitioner's cost.

At the hearing before the chancellor on the last petition, evidence was attempted to be offered about the existence of a liability policy, to which objection was made and the objection sustained by the chancellor. The petitioner testified as to being in an automobile accident with the decedent, and of having been totally disabled for about one year. An attorney of the City of Jackson testified that he, representing the petitioner, had investigated the accident, and when asked the question as to whether in his opinion the petitioner had a valid claim against the estate, objection was made and sustained. The attorney was permitted to testify that he desired to file suit for the petitioner.

We do not think it is necessary to go into the question of liability insurance. Appellee asserts that such evidence was inadmissible and cites authorities of the State of Mississippi holding that testimony as to liability insurance was erroneous and reversible error in suits being tried before a jury. We do not think these authorities are applicable and at the same time, it was not necessary for the petitioner to show the existence

of such a policy. It was only necessary for him to show that he had an unliquidated claim against the estate that he desired to have passed upon by a court of law. ■■ ■ The petitioner could not have probated his claim under Section 569 of the Code of 1942. It has been held many times that such claims are not probatable. See Bullock v. Young, (Miss.) 137 So. 2d 777, and the several authorities therein cited.

Appellee pleads here on this appeal Section 610 of the Code of 1942, which provides that actions of trespass may survive against a decedent, but that such actions must be begun within one year after the publication of notice to creditors. ■■■ We think the statute controlling this action is Section 609, Code of 1942, which provides that personal actions survive. A personal action is defined in 1 C.J.S. 947 as: "A personal action is an action brought for the recovery of personal property, for the enforcement of a contract or to recover damages for its breach, or for the recovery of damages for the commission of an injury to the person or property; . . . . A personal action is, as to the cause of action, either ex contractu or ex delicto . . . . . ."

This definition of a personal action was adopted and announced by this Court in the case of McNeely v. Natchez, 148 Miss. 268, 114 So. 284, and in Sovereign Camp W. O. W. v. Durr, 186 Miss. 850, 192 So. 45.

In the case of Bullock v. Young, supra, there was involved an action for damages to property arising ex delicto. This Court there said: "It cannot be doubted that the action in this case is a 'personal action which might have been maintained against the deceased.' It was an action in tort against the defendant administratrix for compensatory damages for an alleged injury to the plaintiff's property caused by the negligent handling by the defendants intestate of the chlorine gas. . . . It was an action to enforce a liability ex delicto,

a demand for the payment of money for the wrongful injury to property.''

██ █ This action being a personal action which survived under Section 609, it was governed by the four-year limitations of Section 725, Code of 1942.

Section 525, Code of 1942, recognizes the right of a creditor to obtain administration and this right is also recognized in the case of Great Southern Box Company v. Barrett, 231 Miss. 101, 94 So. 2d 912. The latter case also recognizes the holder of an unliquidated claim against an estate as a creditor. 33 C.J.S., p. 938, says: ''One who has a cause of action against a decedent which survives the latter's death is a creditor entitled to administration . . . . .'' Section 612, Code of 1942, provides that a suit shall not be brought against an executor or administrator until after the expiration of six months from the date of letters testamentary or of administration.

Here we have a person with an unliquidated claim against the estate of a decedent. The case of Day v. Hart, 232 Miss. 516, 99 So. 2d 656, is helpful in the present situation. There the court held that the heirs in the State of Mississippi having a claim against a resident of Louisiana under the wrongful death statute had a right to have letters of administration issued in the county in Mississippi in which the non-resident died regardless of whether there were assets in that county. Section 525 provides for the appointment of an administrator in the county in which the intestate had at the time of his death a fixed place of residence. Letters were had in Hinds County upon the estate of Buchanan, Hinds County being the county of his fixed place of residence. He did have some assets and these were administered. However, as stated above, the business of the administration was not completed because the unliquidated claim of the petitioner had not been settled.

The petitioner cannot sue until at least six months' has expired from the appointment of an administratrix or executrix. The administratrix elects to close the estate as soon as possible after the six months. We do not believe the right of petitioner could be defeated in such manner. He had a right to present his claim in a court of law, and he had a right to present it against a representative of the estate. It was not necessary to undertake to surcharge the final account. When the petition was filed by the petitioner stating that he had an unliquidated claim against the estate and that the estate had been closed so he could not present it; and the petition showed his claim was not barred, then the chancellor should have appointed another administrator. ██ █ The widow should have been appointed, or reappointed, if she desired to serve, but if she did not then the court should have appointed some other person to serve as such administrator. The petitioner was entitled to his day in court and in order that he might have it, the court, on his petition with a prayer for general relief, should have appointed another administrator. The administration had been closed with unfinished business pending, and with the petitioner under the law and our statutes yet having a right to present his cause of action in the proper court.

The case is therefore reversed and remanded with directions that an administrator be appointed in order that the unliquidated claim of the petitioner might be finally determined in the proper court.

Reversed and remanded.

*Lee, P. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.