JONES, A MINOR *v.* EVANS, et al.

Nos. 42730, 42731     October 14, 1963     156 So. 2d 742

*Walker & Sullivan,* Mendenhall; *Satterfield, Shell, Williams & Buford,* Jackson, for appellants.

*Lipscomb & Barksdale,* Jackson, for appellees.

McElroy, J.

These two cases come before the Court on a stipulation agreement between the parties in lieu of brief, for the convenience and accomodation of the Court. The proceeding called Number 42,730 and the proceeding called Number 42,731 on the docket of the Supreme Court are identical as to the principles of law involved and as to the pertinent facts involved. Both of the causes concern alleged injuries happening in the same collision. Both causes were filed on the same date, July 28, 1962, against the same defendants, which defendants included the appellees in this case.

The appeal is from a peremptory dismissal of the suits filed by the plaintiffs, appellants, in the Circuit Court of Simpson County, Mississippi against the appellees, they being the executor of the estate of Mrs. Grace B. Scull and the administrator of the estate of Joseph Fletcher Scull III, who were involved in an accident in which the plaintiffs, appellants, were injured, and in which Mr. and Mrs. Scull III were injured fatally. The questions of liability and injury are not involved.

The sole question involved is whether the one-year statute of limitations as to actions against executors and administrators of Section 610 of the Code of 1942, or the four-year statute of limitations provided in Section 725 of the Code of 1942, applies to an action against the executor of an estate and the administrator of an estate for personal injuries sustained in the automobile collision wherein the decedents are charged with negligence or responsibility in their lifetime causing or contributing to such injuries.

The trial judge dismissed the cases as against the appellees upon a plea in bar relying upon the limitation of one year, provided in Section 610, Code of 1942. No point was raised or has been made as to the sufficiency of the declaration to state a valid cause of action.

The accident occurred on September 25, 1960. Luther Russell Bush, Jr. was appointed executor of the estate of Grace Scull on September 30, 1960. Notice to creditors of the estate of Grace B. Scull was published on October 6, 13, 20 and 26, 1960.

Luther Russell Bush, Jr. was appointed administrator of the estate of Joseph Fletcher Scull III on October 8, 1960. Notice to creditors of the estate of Joseph Fletcher Scull III was published on October 27, and on November 3, 10 and 17, 1960. Since the suits were filed July 28, 1962, the question presented to this court is whether Section 610 is applicable, and the suit became barred on April 6, 1962, even after making allowance for the six months following the issuance of letters during which a personal representative may not be sued, as set forth in Section 612 of the Code of 1942. The contention of the appellants is that Section 725 of the Code of 1942 is applicable, in that the statute of limitation is for four years, and therefore the suits are not barred.

The appellants based their plea for the reversal upon Powell v. Buchanan, 245 Miss. 4, 147 So. 2d 110. The appellee contends that the Powell v. Buchanan case should be either (a) distinguished on the ground that the language used by the Court in that decision to the effect that Section 725 of the Code of 1942 is applicable in a case of this kind was dicta, or (b) that if the Court did properly decide that Section 725 is applicable, that the decision is largely erroneous and ought to be overruled. The appellees contend that, in examining the transcript of the record on file in Powell v. Buchanan, no question of any statute of limitation was presented

to the lower court or even remotely referred to in the pleadings, testimony or otherwise.

The Court has examined the record in Powell v. Buchanan, No. 42,447 in the Supreme Court, and finds that in the pleadings of the defendant, the affirmative defenses stated on page 76 of the record are as follows:

"C. That in the alternative, petitioner's claim, if any there be, was not properly presented to this Court or to the administratrix according to the law within the statutory period of time, and the same, therefore, is barred."

The record also shows that this matter was gone into by the brief of the appellant, setting forth that Section 725, Code of 1942 (the four-year statute of limitation) was applicable, and that the claim was not barred by the one-year statute of limitation.

After thorough consideration of this case, we believe that the recent decision of this Court in Powell v. Buchanan, 245 Miss. 4, 147 So. 2d 110, is applicable and decisive, wherein it is said that the four-year statute, rather than the one-year statute, applies in ex delicto tort action involving negligence in automobile accident cases. That case held:

"Appellee pleads here on this appeal Section 610 of the Code of 1942, which provides that actions of trespass may survive against a decedent, but that such actions must be begun within one year after the publication of notice to creditors. We think the statute controlling this action is Section 609, Code of 1942, which provides that personal actions survive. A personal action is defined in 1 C.J.S. Actions § 1, p. 947 as: 'A personal action is an action brought for the recovery of personal property, for the enforcement of a contract or to recover damages for its breach, or for the recovery of damages for the commission of an injury to the person or property; ... A personal action is, as to the cause of action, either ex contractu or ex delicto. ...'

"This definition of a personal action was adopted and announced by this Court in the case of McNeely v. Natchez, 148 Miss. 268, 114 So. 484, and in Sovereign Camp W.O.W. v. Durr, 186 Miss. 850, 192 So. 45, 125 ALR 702.

"In the case of Bullock v. Young, (137 So. 2d 777), . . ., there was involved an action for damages to property arising ex delicto. This Court there said: 'It cannot be doubted that the action in this case is a "personal action which might have been maintained against the deceased." It was an action in tort against the defendant administratrix for compensatory damages for an alleged injury to the plaintiff's property caused by the negligent handling by the defendant's intestate of the chlorine gas. . . . It was an action to enforce a liability ex delicto, a demand for the payment of damages for the wrongful injury to property.'

"This action being a personal action which survived under Section 609, it was governed by the four-year limitations of Section 725, Code of 1942."

■■ ■ We express no opinion here as to the merits of the appellants' suits. But we think the appellants had a right to prosecute their suits to a final judgment, that they were within their rights in that their ex delicto claims were not subject to the one-year statute of limitation, but were governed by the four-year statute of limitation, Section 725, Code of 1942. For that reason the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

*Lee, P. J., and Rodgers, Jones, and Brady, JJ.,* concur.