CHANDLER, J.,
Dissenting:
¶ 24. I respectfully dissent, as I would find that the chancellor exceeded his authority in this case in recreating the certificate of deposit. I believe that the result reached by the chancellor thwarted the statutory right of the estate to prosecute Ladell Beckley’s lawsuit against Larry Satterwhite for return of the funds. See Miss.Code Ann. § 91-7-237 (Rev.2004). I would reverse the decision of the chancellor and render a judgment in favor of the estate for the approximately thirty thousand dollars which Satterwhite wrongfully withdrew from the certificate of deposit, plus the accumulated interest.
¶ 25. As related by the majority, Ladell created the certificate of deposit at issue on October 18, 2000. He deposited $28,699.79 of his life savings in the certificate of deposit and titled the certificate of deposit in the names of himself “or John Beckley.” Language on the certificate of deposit expressed that it was a joint account with survivorship, and not owned as tenants in common. In late January or early February 2002, Ladell went to the bank and discovered that on January 14, 2002, Satterwhite had used a power of attorney to withdraw all of the funds from the certificate of deposit. On February 5, 2002, Ladell swore out a complaint against Satterwhite for the return of the funds, averring that he was the exclusive owner of the certificate of deposit and that he had titled the certificate of deposit in John’s name “for survivorship purposes only.” He claimed that the power of attorney was the product of undue influence by Satter- *719 white. The complaint was filed on February 7, 2002, commencing the instant action. M.R.C.P. 3(a).
¶ 26. On March 2, 2002, Ladell died. On June 10, 2002, Clarence Beckley, the executor of Ladell’s estate, was substituted as the party-plaintiff in the action. See M.R.C.P. 25(a). The estate executor’s substitution as the party-plaintiff is addressed by Mississippi Code Annotated section 91-7-237, which states, in pertinent part, “[w]hen either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator.” Another section, 91-7-233 (Rev.2004), provides that,
Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. They shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased.
¶ 27. Under these sections, an action to recover personal property is a “personal action” that survives death. Caine v. Hardy, 943 F.2d 1406, 1410 (5th Cir.1991) (citing Powell v. Buchanan, 245 Miss. 4, 8, 147 So.2d 110, 111 (1962)). A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. McMillan v. Puckett, 678 So.2d 652, 654 (1996). Ladell’s action against Satterwhite accrued during his lifetime and survived his death. Upon the executor’s substitution as party-plaintiff, the executor effectively stepped into the shoes of Ladell in prosecuting the action. Miss.Code Ann. § 91-7-237. Thus, Clarence could recover such damages as Ladell might have recovered had he lived through final judgment.
¶ 28. I discuss the chancellor’s amended judgment. The chancellor found that a confidential relationship had existed between Ladell and Satterwhite, giving rise to a presumption of undue influence. The chancellor found that the presumption of undue influence was unrebutted, a finding which has not been challenged on appeal. Thus, the chancellor found Ladell’s claim to be meritorious. Consequently, had La-dell been alive at the time of the final judgment, the appropriate remedy would have been to award him the approximately $30,000 plus interest from Satterwhite.
¶ 29. However, the chancellor took La-dell’s death into account in fashioning the remedy. The chancellor held that, because the power of attorney was invalid, the certificate of deposit continued unchanged. The chancellor equitably recreated the certificate of deposit as of January 14, 2002. The chancellor then held that the certificate of deposit had become vested in John as the surviving joint tenant as of Ladell’s death on March 2, 2002.
¶ 30. It has been stated that the powers of a chancellor are “as broad as equity and justice require.” Hall v. Wood, 443 So.2d 834, 842 (Miss.1983). Nonetheless, those powers are not without limitation, as discussed in R.N. Turnbow Oil Investments v. McIntosh, 873 So.2d 960, 963(¶ 13) (Miss.2004). In R.N. Tumbow, a chancellor amended a sixty-eight-year-old decree upon a claim that the decree was inaccurate. Id. at 961(¶ 1). The supreme court reversed, holding that the chancellor, though acting in the name of equity, had exceeded his power by overlooking established rules of law governing the time for requesting amendment of a judgment. Id. at 963-65 (¶¶ 15-27). The court stated, “[wjhile a chancellor’s remedial powers may be ‘marked by flexibility’ and ‘plastici *720 ty,’ they are not unbridled powers. Courts of equity have all remedial powers necessary to the particular case, except those that are expressly forbidden by law.” Id. at 963(¶ 14).
¶ 31. I would find that, in recreating the certificate of deposit, the chancellor exceeded his broad remedial powers. Under section 91-7-237, the estate was entitled to the same remedy due Ladell had he been alive at the time of the judgment. That remedy was the return of the approximately $30,000 plus interest taken by Sat-terwhite in the exercise of undue influence. When Satterwhite wrongfully withdrew the funds, a cause of action for the return of the funds accrued to Ladell. Ladell was alive at this time and John’s right of sur-vivorship was riot implicated. The chancellor’s award of the funds to John pursuant to his right of survivorship effectively robbed the estate executor of the cause of action that had arisen in Ladell’s favor during his lifetime, which Ladell himself commenced on February 7, 2002, and to which the executor succeeded on June 10, 2002 pursuant to section 91-7-237. For this reason, I dissent.
SOUTHWICK, IRVING, GRIFFIS AND ROBERTS, JJ., JOIN THIS OPINION.